**William G. BARTER, Wanda B. Barter, Ralph D. Blair and Pauline D. Blair, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.***

**No. 77–1101.**

United States Court of Appeals, Seventh Circuit.

Argued April 25, 1977.

Decided May 31, 1977.

Jeanne S. Miller, New Haven, Ind. for plaintiffs-appellants.

Myron C. Baum, Acting Asst. Atty. Gen., Robert T. Duffy, Atty., Tax Division, Dept. of Justice, Washington, D.C., Richard L. Kieser, U. S. Atty., South Bend, Ind., Charles F. Leonard, Asst. U. S. Atty., Fort Wayne, Ind., for defendant-appellee.

Before CUMMINGS and PELL, Circuit Judges, and GORDON, District Judge.**

PER CURIAM.

This appeal involves taxpayer refund suits, consolidated in the district court and

---

* *Editor's Note:* The opinion of the U. S. Court of Appeals, Ninth Circuit, in *United States v. State of California,* published in the advance sheets at this citation (550 F.2d 1239), was withdrawn from the bound volume by order of the court.

** The Honorable Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

here, initiated by two married couples. The taxpayers feelingly and forcefully assert that the rate schedules of the Internal Revenue Code, 26 U.S.C. § 1, violate the due process clause of the Fifth Amendment, the free exercise clause of the First Amendment, and the right to associate in marriage protected by the First, Fourth, Fifth, Ninth and Tenth Amendments to the Constitution, in that higher tax rates are imposed on the taxable income of a married person whose spouse has significant income [1] than on the same taxable income of an unmarried person.

The district court determined that this so-called "marriage penalty" does not offend the Constitution. *Johnson v. United States*, 422 F.Supp. 958 (N.D.Ind.1976). The plaintiffs' motion for summary judgment was therefore denied, and the summary judgment motion of the United States was granted. Final judgments in favor of the United States were entered pursuant to Rule 54(b), Fed.R.Civ.P., the district court retaining on its docket for further proceedings the refund suit of Sarah G. Johnson, No. F 74–111 below, which had earlier been consolidated with appellants' suits.

We agree with the district court that the inequities asserted to inhere in the "marriage penalty," whatever may be their persuasiveness as arguments for legislative change,[2] do not rise to the level of constitutional violations of appellants' rights. The district court's thoughtful and workmanlike opinion cogently expounds the reasons for this conclusion, and there is little to be added to its analysis except to observe that it has not been demonstrated to us that

perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code has been, at least since the adoption of the Sixteenth Amendment, a constitutional *sine qua non.* Accordingly, the opinion of the district court is, with certain exceptions,[3] adopted as the opinion of this court, and the judgments appealed from are affirmed.

AFFIRMED

---

**1.** Significant income in this context means a contribution to the married couple's income of, generally, at least 20% of the couple's total income.

**2.** Although it does not, of course, affect the result in this case, we take notice of the fact that such arguments have recently been made to and acted upon by the Congress. The pertinent tax bill has very recently been signed into law by the President, and is said to contain provisions embodying "an effort to reduce the 'marriage penalty.'" Chicago Daily News, May 17, 1977, at 4, col. 3.

**3.** As noted, a third consolidated case was dealt with in the district court's opinion; that case is not before us. Thus those portions of the district court's opinion addressing that case are not adopted, nor are any views with reference thereto implied. Also, appellants advanced in the district court the theory that the "marriage penalty" constituted unconstitutional sex discrimination, which theory has been abandoned on appeal. Accordingly, part VI of the district court's opinion, which considers and rejects that theory, is not adopted nor are any views of this court pertinent thereto to be inferred.