RICHARD C. SILMAN and JOSEPHINE SILMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silman v. Commissioner
Docket No. 10543-76.
United States Tax Court
T.C. Memo 1978-266; 1978 Tax Ct. Memo LEXIS 250; 37 T.C.M. (CCH) 1146; T.C.M. (RIA) 78266; July 19, 1978, Filed *250 Richard C. Silman and Josephine Silman, pro se. Joel V. Williamson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $ 2,980. Petitioners filed a timely petition which contains specific allegations of error as to each adjustment made by respondent in the notice of deficiency as well as allegations that the United States Tax Court was not constitutionally created, that respondent's determination was arbitrary, and various constitutional objections to the determination of deficiency. When this case was called for trial on May 22, 1978, petitioners filed a document which, at their request, the Court considered as their motion for summary judgment and brief in support thereof. Petitioners' motion was taken under advisement, but trial of the case was set for May 24, 1978. At the trial petitioners refused to testify or to produce any evidence with respect to respondent's determination of deficiency other than a copy of H.J. Res. 192, 73rd Cong., 1st Sess. (1933), and a copy of a letter dated April 26, 1976, to them from the District Director *251 of Internal Revenue enclosing a copy of Income Tax Audit Changes Form 4549-A. Petitioners also agreed to the receipt in evidence of a copy of their joint Federal income tax return for the calendar year 1973. At the conclusion of the trial respondent orally moved for summary judgment on the ground that petitioners had failed to show any error in respondent's determination, which motion was taken under advisement. The record shows the following facts. Petitioners, husband and wife, who resided in Harmony, West Virginia at the time of the filing of their petition in this case, filed their joint Federal income tax return for the calendar year 1973 with the Internal Revenue Service Center, Southwest Region, Memphis, Tennessee. A notice of deficiency was mailed to petitioners on September 10, 1976, determining that petitioners received income from their personal use of corporate property, that they were not entitled to three of their claimed dependency exemptions, that part of their claimed itemized deductions and business expense deductions were not allowable for failure of substantiation, that their reported capital gain was understated and that their reported estate income was overstated. *252 The basis for petitioners' motion for summary judgment and their grounds for refusal to produce their books and records or to testify at the trial are as follows: (1) Petitioners received no money (gold or silver) during the taxable year but merely checks or bank notes. (2) Since the United States Tax Court is not created under Article III of the United States Constitution it is not a constitutional court. (3) The 16th Amendment to the Constitution only authorized an income tax on "a franchise of juristic persons." (4) The determination made in respondent's notice of deficiency is arbitrary since it was not based on a factual determination but rather on petitioners' failure to produce their books and records for use by respondent's agent in his investigation of their tax liability. Contentions similar to those made by petitioners in this case have been considered and disposed of by this Court on numerous occasions. In Cupp v. Commissioner,65 T.C. 68, 80-81 (1975), affirmed 559 F.2d 1204, 1207 (3d Cir. 1977), we held without merit the contention that the Federal income tax is applicable only to receipts in gold and silver. See also Hatfield v. Commissioner,68 T.C. 895, 897 (1977), *253 and cases there cited; Gajewski v. Commissioner,67 T.C. 181, 193 (1976). In Burns, Stix Friedman and Co. v. Commissioner,57 T.C. 392 (1971), we held the United States Tax Court to be constitutionally created and empowered to exercise the jurisdiction conferred upon it by statute. The constitutionality of the income tax on individuals has been upheld on numerous occasions. See Tyee Realty Co. v. Anderson,240 U.S. 115 (1916); Brushaber v. Union Pac. R.R. Co.240 U.S. 1 (1916); Authenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969); Barter v. United States,550 F.2d 1239 (7th Cir. 1977). A notice of deficiency issued by respondent disallowing claimed deductions for failure of substantiation and determining income from secondary sources has been held not to be arbitrary and to be prima facie correct where a taxpayer refuses to allow inspection of his books and records. Robert v. Commissioner,62 T.C. 834, 836 (1974), and cases there cited; Hatfield v. Commissioner,supra at 898. Estate of Mason v. Commissioner,64 T.C. 651, 656-658 (1975). *254 On the basis of this record, we deny petitioners' motion for summary judgment and grant respondent's motion for summary judgment. An appropriate order and decision will be entered.