DONALD R. AND SUSAN K. PIERCE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket No. 4203-79
United States Tax Court
T.C. Memo 1980-563; 1980 Tax Ct. Memo LEXIS 24; 41 T.C.M. (CCH) 580; T.C.M. (RIA) 80563; December 17, 1980
Donald R. Pierce, pro se. Donna F. Herbert and Andrew Panken, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $ 2,634.69. The only issue for decision is whether petitioners, who were married to each other in October 1976, must apply the *25 tax rates for married individuals to their income for the entire year. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners Donald R. Pierce and Susan K. Pierce resided in Piscataway, New Jersey, at the time the petition was filed in this case. Petitioners were married on October 15, 1976. Both Donald and Susan were gainfully employed. [1] When they filed their Federal income tax return for the year 1976, they unhappily discovered that their tax liability had dramatically increased because of their marriage. The tax on their combined incomes under the married persons tax tables was far more than the total tax they would have paid on their incomes had they remained single. In order to reduce this marriage penalty, or "marriage ceremony tax" as petitioners call it, petitioners calculated their tax penalty partially by the single tables and partially by the married tables. *26 They did this by dividing the year into two periods. During the first period--from January 1 through October 14--they were single; during the second period--from October 15 through December 31,--they were married. Petitioners calculated their tax on the income earned during the first period using the single person's tax tables. [2] Expenses and deductions were prorated accordingly. For the second period, petitioner calculated their tax liability using the married filing jointly tables. Petitioners meticulously made appropriate allowances to give effect to the progressive rate structure on the income earned after they were married. They then filed a signed summary Form 1040 and three unsigned "worksheet" Form 1040's along with a detailed letter of explanation. Petitioners argue that this is the fair way to compute their tax liability. They contend that the "marriage ceremony tax" is unconstitutional, encourages immoral behavior, and interferes with the right to marry. Respondent argues that petitioners must apply the married person rates to the entire taxable *27 year. While we understand and sympathize with petitioners' point of view, the law is clear and requires that we decide the issue for respondent. Sections 143 and 6013(d)[3] provide the general rule that a person's marital status shall be determined as of the end of his or her tax year. It makes no difference when during the year that people get married or divorced. Only the status on the last day of the taxable year is significant under the law. In this case, where petitioners are filing on a calendar year, that date falls on December 31. [4]
*28 Petitioners are quite correct in noting that for two-income couples, marriage substantially increases the tax due for the year. This result stems from the differing rate schedules for married persons and single persons and the interplay of a progressive tax structure with income aggregation for married couples. Thus, if one spouse provides most of the income, the tax rate is less than if he or she were single. However, if both spouses work, the second income is piled on the first, and is therefore in a higher tax bracket than if it were scheduled separately. In petitioners' case, the marriage penalty amounted to over $ 2,600. Not surprisingly, this marriage penalty is viewed by many people as onerous and unfair, and it has been the focus of much attention in recent years. See, e.g. Boyter v. Commissioner,74 T.C. 989 (1980), on appeal (4th Cir., Nov. 6, 1980). The marriage penalty, inequitable as it is, has been upheld as constitutional. See Mapes v. United States,217 Ct. Cl. 115, 576 F.2d 896 (1978), cert. denied 439 U.S. 1046 (1978); *29 Johnson v. United States,422 F. Supp. 958 (N.D. Ind. 1976), affd. sub nom. Barter v. United States,550 F.2d 1239 (7th Cir. 1977), cert. denied 434 U.S. 1012 (1978). In Mapes v. United States,supra at 899, the court noted that "the perplexities of shaping a legislative scheme which distributes the incidence of the personal income tax equitably between married and single taxpayers have confounded Congress for many years." [5]
Proration by marital status does not eliminate the marriage *30 penalty, of course, but may help to reduce its effect for people who marry during the year. As fair or equitable as that may seem to those who would benefit from proration, it is simply not permitted under the statute. The statute is unambiguous. At the end of their tax year (December 31, 1976) petitioners were married rather than single. They must therefore calculate their Federal income tax liability for the entire year using the married person tax tables. Decision will be entered for the respondent. Footnotes
1. Susan was gainfully employed from January 1 through October 14, 1976. She was not gainfully employed from October 15, 1976 through December 31, 1976.↩
2. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩
3. Sec. 143(a) provides: SEC. 143. DETERMINATION OF MARITAL STATUS. (a) GENERAL RULE.--For purposes of this part-- (1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during the taxable year such determination shall be made as of the time of such death; and (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. Sec. 6013(d)(1)(A) (dealing with joint returns) provides: (d) DEFINITIONS.--For purposes of this section-- (1) the status as husband and wife of two individuals having taxable years beginning on the same day shall be determined-- (A) if both have the same taxable year--as of the close of such year; * * *. ↩
4. We do not agree with respondent's assertion that petitioners were attempting to file short period returns without having first changed their accounting periods. Admittedly, the four returns filed by petitioners may have confused respondent's agents. We find that petitioners filed only one Federal income tax return for the calendar year 1976. We do agree with respondent's resolution of this confusion by computing petitioners' income tax liability for the entire calendar year 1976 using joint filing status. Petitioners seem to have overlooked this computation in the notice of deficiency, and we find their argument that recomputation using married rates constitutes a new notice of deficiency to be without merit.↩
5. As we also noted in Boyter v. Commissioner,74 T.C. 989↩ (1980), at n. 1, on appeal (4th Cir. Nov. 6, 1980), the average citizen "may assume that simple justice and administrative convenience would best be served by taxing income to the individual who earns it pursuant to one rate schedule uniformly applicable to all." Congress has been giving careful attention to a variety of proposals in recent months to rectify, at least in part, the present inequities. See Hearings on the Income Tax Treatment of Married, Head of Household, and Single Persons before the House Comm. on Ways and Means, 96th Cong., 2d Sess. (1980).