JAMES W. HAMMOND, JR. AND DONNA M. HAMMOND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammond v. Commissioner
Docket No. 2512-78.
United States Tax Court
T.C. Memo 1981-199; 1981 Tax Ct. Memo LEXIS 546; 41 T.C.M. (CCH) 1331; T.C.M. (RIA) 81199; April 23, 1981. James W. Hammond, Jr., pro se. Dianne Crosby, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *547 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 280 in petitioners' 1975 federal income tax. The sole issue presented is whether petitioners are entitled under section 217 to deduct the expenses of two trips made for the principal purpose of searching for a new residence prior to petitioner James W. Hammond, Jr.'s retirement from the Marine Corps. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners resided at Reno, Nevada, at the time they filed their petition herein. Petitioner James W. Hammond, Jr. retired from the United States Marine Corps in 1975. His last duty station was at Camp Pendleton, California. Prior to his retirement, petitioners made two round trips between Camp Pendleton and Reno, Nevada, for the purpose of seeking and purchasing a home in Reno in which to reside after retirement. At the time of those trips, neither petitioner had an offer of employment in Reno, had made arrangements to commence work there, or intended to gain employment there. OPINION "Moving expenses" for the purpose of section 217 means only the reasonable expenses "in *548 connection with the commencement of work * * * at a new principal place of work"-- (A) of moving household goods and personal effects from the former residence to the new residence, (B) of traveling (including meals and lodging) from the former residence to the new place of residence, (C) of traveling (including meals and lodging), after obtaining employment, from the former residence to the general location of the new principal place of work and return, for the principal purpose of searching for a new residence, (D) of meals and lodging while occupying temporary quarters in the general location of the new principal place of work during any period of 30 consecutive days after obtaining employment, or (E) constituting qualified residence sale, purchase, or lease expenses. [Sec. 217(b)(1).] The inclusion of the word "after obtaining employment" in subparagraph (C), above, makes it abundantly clear that respondent must prevail here. See, also, H. Rep. No. 91-413 (Part 1) (1969), 1969-3 C.B. 200, 247-248. [3] Petitioners simply did not make their premove househunting trips "after obtaining employment" at the new location. *549 Petitioners' complaint that this provision of the law impermissibly discriminates against them as retiring military personnel is unavailing. The provision applies to petitioners in the same way as to all of the millions of other, military and nonmilitary taxpayers. Treating them the same as everyone else is not discriminatory. "The inequities asserted to inhere in [this provision] * * * whatever may be their persuasiveness as arguments for legislative change, do not rise to the level of constitutional violations of [petitioners'] rights." Barter v. United States, 550 F.2d 1239, 1240 (7th Cir. 1977); Black v. Commissioner, 69 T.C. 505, 511 (1977). In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. (i) Deductible moving expenses. -- The bill provides that a moving-expense deduction is to be allowed for three additional categories of expenses. The first additional category is expenses for premove househunting trips. These expenses would include the costs of transportation, meals and lodging for the taxpayer and members of his household paid for the principal purpose of searching for a new residence. However, the deduction would not be available unless (a) the taxpayer has obtained employment in the area of the new principal place of work before↩ the trip begins, * * *. [Emphasis supplied.]