672 F.Supp. 167 (1987)
UNITED STATES of America, Plaintiff,
v.
Stanley R. WASHINGTON, Defendant.
Crim. No. 87-00096.
United States District Court, M.D. Pennsylvania.
October 29, 1987.
*168 Mary C. Spearing, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.
Stanley R. Washington, pro se.

MEMORANDUM
CALDWELL, District Judge.

Introduction
The defendant has been charged with three counts of income tax evasion in violation of section 7201 of the Internal Revenue Code, 26 U.S.C. § 7201. On September 2, 1987, the court conducted a non-jury trial, at the completion of which the parties were requested to prepare and file briefs on the facts and the law. Upon careful consideration of the evidence presented at trial and the arguments of the parties, the court concludes the defendant is guilty of the offenses charged.

Background
In January, 1980, Arkansas Best Freight Systems ("ABF") hired the defendant as an over-the-road truck driver. At the time of trial, the defendant was still employed in that capacity. For the tax years ending on December 31, 1981, 1982 and 1983, the defendant's gross earnings from ABF were $31,539.06, $36,198.00 and $41,394.71, respectively. He also collected interest and dividends from the Arkansas Best Federal Credit Union. During these three years, ABF withheld no federal income tax from the defendant's pay because in October, 1980, he filed a new employee's withholding allowance certificate, form W-4, in which he increased the number of allowances from one to thirty-five.
The defendant's filing of the amended W-4 was preceded by his association with the Groove Line Production Fund Church earlier in 1980. The church was founded on October 28, 1979 and had been denied tax exempt status under 26 U.S.C. § 501(c)(3). The defendant was ordained a minister and established church office A-124 in his home in Steelton, Pennsylvania. He signed a vow of poverty which provided, in part:
I ... hereby make an irrevocable gift of all my possessions, real, personal and otherwise, and all my income whatsoever, regardless of the form of the income, to the Church.... Outside employment remuneration is not personal income, but rather income gift to the Church and not of the individual....
The Church designated to receive said income and possessions is an order of the Liberty Ministries International, designated as the Order of Almighty God 001247, chapter commonly known as the Grooveline Production Fund Church, office number 124. Therefore, I Stanley R. Washington, hereby take the vow of poverty.
On his 1980 federal income tax return, the defendant claimed a deduction of virtually all of his income for the conversion of his home into a church. The Internal Revenue Service ("IRS") disallowed the deduction since his income was derived from the business of being a truck driver. The IRS informed the defendant that he was not exempted from paying taxes because of his claim that he was a church.
After his ordination, the defendant established a new bank checking account in the name of "Groove Line Production Fund Church Ofc. A 124." His wages from ABF were deposited into the Church account. He had sole signature authority and paid his living expenses out of the account in the same manner as he had done with an earlier account in the name of "Stanley R. Washington." Virtually all activity ceased in the defendant's personal account after he opened the Church account. Checks were drawn on the Church account to pay for such things as home repairs, car payments, car repairs, motorcycle payments, child support and a fitness club membership.
For the tax years 1981 through 1983, the defendant filed no federal tax returns, even though he incurred tax liabilities of $3,747.00, $4,612.00 and $7,170.00, respectively. The IRS executed a search warrant at the defendant's residence and seized financial records and other documents. Among the items obtained were materials dealing with the evasion of income taxes, including instructions on how to file false *169 W-4's and what to do if audited by the IRS. The special agent who executed the warrant observed that the defendant's house appeared to be a normal residence.

Discussion
The three elements of a Section 7201 violation are a tax deficiency, willfulness, and an affirmative act constituting an evasion or attempted evasion of the tax. United States v. Hook, 781 F.2d 1166 (6th Cir.1986). The government has proven each element beyond a reasonable doubt. The evidence is clear that the defendant earned income as a truck driver for ABF, was aware of his legal obligations to pay taxes and file returns, and willfully refused to do so. When he filed the false W-4, he took an affirmative step to evade the payment of income tax.
At trial, the defendant asserted that the money he earned as a truck driver is excludable from taxation because he is a member of a religious order that deems him to be a church. The defendant argued that he earned all his income not in his individual capacity, but in his capacity as a church. The church then paid his personal living expenses. Taxation, he contends, interferes with the free exercise of his religion in violation of the first amendment to the United States Constitution.
The defendant's religion teaches that the original church was not made of mortar and stone, but with the spirit of God alone. As creation unfolded, the spirit housed itself in different forms, which became churches. Man was the first body into which the spirit of God entered and thus man became the first church in a physical form.
The Groove Line Production Fund Church does not solicit donations, but rather supports itself by the labor of its ministers. Thus, all ministers take a vow of poverty and pledge all future income to the Church. The defendant claims that by virtue of his vow of poverty, he has no personal income. All money produced from his secular job is turned over to the Church and used exclusively for religious purposes. The Church, in turn, supports him.
A member of a religious order under a vow of poverty is not immune from paying federal income tax by reason of his clerical status or his vow of poverty. McGahen v. Commissioner, 76 T.C. 468 (1981), aff'd 720 F.2d 664 (3d Cir.1983). It is a basic rule of tax law that an assignment by a taxpayer of compensation for services is ineffectual to relieve the taxpayer of tax liability regardless of the motivation behind the assignment. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). Although he made a vow of poverty, the manner in which the defendant conducted his financial affairs was the same as it was before he was ordained. No actual limitations were imposed on the use of his earnings, there was no accounting and he used the Church account as if it were his personal checking account. It is clear that the defendant earned and spent his wages in his individual capacity. He simply attempted to avoid taxation by donating his income to the Church and then using the same as he saw fit.
The defendant's witnesses vehemently testified that the religious teachings of the Groove Line Production Fund Church do not concern taxes and that its members are not tax protestors. We have no reason to doubt the sincerity of those witnesses or of the defendant's religious beliefs. It is clear, however, that the defendant willfully took affirmative steps to avoid the payment of income tax on secular income, and the government has met its burden of proof.
We turn now to the defendant's constitutional defenses. He claims that the free exercise clause of the first amendment mandates a finding of innocence. He argues in general terms that the imposition of a tax on his wages somehow impinges upon his right to be a church.
In Bob Jones University v. United States, 461 U.S. 574, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983), the United States Supreme Court summarized the standard to be applied to free exercise claims as follows:
This Court has long held the Free Exercise Clause of the First Amendment to *170 be an absolute prohibition against governmental regulation of religious beliefs, Wisconsin v. Yoder, 406 U.S. 205, 219 [92 S.Ct. 1526, 1535, 32 L.Ed.2d 15] (1972); Sherbert v. Verner, 374 U.S. 398, 402 [83 S.Ct. 1790, 1793, 10 L.Ed.2d 965] (1963); Cantwell v. Connecticut, 310 U.S. 296, 303 [60 S.Ct. 900, 903, 84 L.Ed. 1213] (1940). As interpreted by this Court, moreover, the Free Exercise Clause provides substantial protection for lawful conduct grounded in religious belief, see Wisconsin v. Yoder, supra [406 U.S.] at 220 [92 S.Ct. at 1535]; Thomas v. Review Board of Indiana Employment Security Div., 450 U.S. 707 [101 S.Ct. 1425, 67 L.Ed.2d 624] (1981); Sherbert v. Verner, supra at 402-403 [83 S.Ct. at 1793]. However, "[n]ot all burdens on religion are unconstitutional. ... The state may justify a limitation on religious liberty by showing that it is essential to accomplish an overriding governmental interest." United States v. Lee, 455 U.S. 252, 257-58 [102 S.Ct. 1051, 1055, 71 L.Ed.2d 127] (1982). See, e.g., McDaniel v. Paty, 435 U.S. 618, 628, and n. 8 [98 S.Ct. 1322, 1328, and n. 8, 55 L.Ed.2d 593] (1978); Wisconsin v. Yoder, supra [406 U.S.] at 215 [92 S.Ct. at 1533]; Gillette v. United States, 401 U.S. 437 [91 S.Ct. 828, 28 L.Ed.2d 168] (1971).
Id. at 603, 103 S.Ct. at 2034-35, 76 L.Ed.2d at 180-81.
The defendant's free exercise defense is based solely upon a claimed financial hardship which would impede the church's ministries. We are sensitive to the defendant's claim that the income tax inhibits the free exercise of his religion because money collected in the form of tax cannot be used for religious activities. Undoubtedly the tax has that effect, but religious groups are not free from all financial burdens of government. The broad public interest in maintaining a sound tax system is of such high order that religious belief in conflict with the payment of taxes affords no basis for resisting the tax. Bethel Baptist Church v. United States, 629 F.Supp. 1073 (M.D.Pa.1986), aff'd 822 F.2d 1334 (3d Cir. 1987). But we need not rely solely on that principle to answer the defendant's constitutional contention, because here the government is not taxing the exercise of religion.
To violate the free exercise clause, the government must burden the defendant's practice of his religion by pressuring him to commit an act forbidden by the religion or by preventing him from engaging in conduct that the faith mandates. The burden must be more than an inconvenience and must interfere with a tenet or belief that is central to religious doctrine. Graham v. C.I.R., 822 F.2d 844 (5th Cir.1987). It is clear that the Internal Revenue Code does not have that effect. A statute is not invalid simply because it affects a religious organization's operation. The fact that, because of income taxes, the church will receive less money does not rise to the level of a burden on the defendant's ability to exercise his religious beliefs. Id. He may continue to donate the whole of his net income to the church and may continue to worship according to the dictates of his heart. Thus, we reject the defendant's free exercise defense.
The defendant has made a broadly worded challenge under the establishment clause. Out of fairness to the defendant, we have read his objection expansively and have construed it liberally in his favor. Nevertheless, we find no conceivable ground to support such a challenge.
In Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), the Supreme Court determined that in order to withstand scrutiny under the establishment clause, a statute must satisfy three requirements: "First the statute must have a secular purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; and finally, the statute must not foster `an excessive government entanglement with religion.'" Id. at 612-13, 91 S.Ct. at 2111, 29 L.Ed.2d at 755 (citations omitted). In applying this standard, we find the defendant's establishment clause argument to be without merit.

Conclusion
The government has sustained its burden of proving the defendant guilty beyond a *171 reasonable doubt. The defendant does not dispute the facts and has raised no valid legal defenses to the charges against him. Therefore, the court will enter an order finding the defendant guilty of three counts of federal income tax evasion in violation of section 7201 of the Internal Revenue Code, 26 U.S.C. § 7201.