LLOYD W. PATTERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patterson v. Comm'r
Docket No. 8798-86. United States Tax Court
T.C. Memo 1989-193; 1989 Tax Ct. Memo LEXIS 193; 57 T.C.M. (CCH) 248; T.C.M. (RIA) 89193; April 27, 1989. James B. Lewis, for the petitioner. Diane R. Mirabito, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1982: Additions to Tax
Deficiency
Sec. 6651 [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
$ 12,638.00
$ 1,718.00
$ 631.00
$ 1,394.00
$ 529.00
After concessions, the sole issue for decision is whether petitioner's tax should be calculated under section 1(c) at the *195 rates applicable to unmarried individuals or under section 1(d) at the rates applicable to married individuals filing separately. All of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Brooklyn, New York, when he filed his petition. In 1955, petitioner married Irmin Roach in British Guiana under the auspices of the Anglican Church of Guyana. As of the close of the taxable year 1982, petitioner was not legally separated from his wife under a decree of divorce or of separate maintenance. Petitioner failed to file a Federal income tax return for taxable year 1982. In his notice of deficiency, respondent computed petitioner's 1982 tax liability under section 1(d) as married filing separately. The determination of whether an individual is married, for purposes of determining his tax status and the applicable tax rates under section 1, is made as of the close of his taxable year. Sec. 143(a)(1). [2] At that time, an individual who is not legally separated from his spouse under a decree of divorce or of separate maintenance is considered married, even though living apart *196 from his spouse. Sec. 143(a)(2); sec. 1.143-1(a), Income Tax Regs.; Donigan v. Commissioner,68 T.C. 632 (1977). Petitioner's main contention is that sections 1 and 143 unconstitutionally infringe upon his right of free exercise of his religion by requiring him to calculate his tax at the rates applicable to married individuals filing separately when his religious beliefs prohibit him from divorcing or legally separating from his wife (a fact which we assume is true for purposes of our decision herein). Petitioner argues that he is faced with a Hobson's choice between exercising his religious beliefs by not divorcing or legally separating from his wife and paying higher taxes on the one hand and abandoning his religious beliefs and paying lower taxes on the other. [3] Alternatively, petitioner suggests that section 143(b) can be interpreted as classifying him as unmarried so that he would thereby become entitled to use the rates applicable to unmarried individuals under section 1(c). [4]
*197 We deal first with petitioner's alternative contention. In support of his position, petitioner argues that, because his wife was considered unmarried under the provisions of section 143(b), it follows that petitioner must also be considered unmarried. While we recognize the principle that a statute should be interpreted, if possible, to avoid invalidation on constitutional grounds, we think this principle simply does not apply to the instant case. It does not necessarily follow (no matter how logically petitioner thinks it should) that, because petitioner's wife might be entitled to claim unmarried status under section 143(b), petitioner should be considered unmarried. [5] Moreover, the record is utterly devoid of evidence necessary to support the conclusion that petitioner's wife was, in fact, so entitled. In view of the foregoing, we turn our attention to petitioner's constitutional argument. Petitioner has favored us with a detailed and scholarly analysis of the constitutional considerations he believes are involved. We do not disagree with the principle which *198 petitioner submits as applicable in determining the impact of the "free exercise of religion" clause of the First Amendment to the Constitution, namely, "that the free exercise right prevails over government regulation unless the purpose served by the government regulation can fairly be characterized as compelling." We simply do not think the application of this principle requires the result which petitioner seeks herein. Initially, we think it important to recognize that the government has a sufficiently substantial interest in maintaining a sound and administratively workable tax system to justify an incidental burden on an individual's free exercise of religion. United States v. Lee,455 U.S. 252, 259-260 (1982); Johnson v. United States,422 F. Supp. 958, 975 (N.D. Ind. 1976), affd. per curiam sub nom. Barter v. United States,550 F.2d 1239 (7th Cir. 1977). "Theoretically, a better answer than the present tax structure may exist - one which does not burden the plaintiffs or which burdens them to a lesser extent. But, the tax system is an 'arena in which no perfect alternatives exist.' San Antonio Independent School District v. Rodriguez,411 U.S. 1, 41 (1973). *199 " Johnson v. United States,422 F. Supp. at 974. Adhering to our opinion in Black v. Commissioner,69 T.C. 505, 510-511 (1977), [6] we hold that, in this case, the sections at issue have only an incidental effect on petitioner's religious beliefs which must yield to the broader public interest. Bethel Baptist Church v. United States,822 F.2d 1334, 1339 (3d Cir. 1987); Johnson v. United States,422 F. Supp. at 975. *200 Our decision does not compel petitioner to choose between his marital status and his religion. See Bowen v. Roy,476 U.S. 693, 703 (1986). Nor does it place a financial burden on petitioner that is so grievous as to render the statute's classification system an unconstitutional burden on petitioner's free exercise rights. See United States v. Lee,455 U.S. 252, 262 (1982); Kessler v. Commissioner,87 T.C. 1285, 1292 (1986), affd. without published opinion 838 F.2d 1215 (6th Cir. 1988); cf. United States v. Washington,672 F. Supp. 167, 170 (M.D. Pa. 1987). Petitioner is free to practice his religion; he just will not be subsidized. Cammarano v. United States,358 U.S. 498, 513 (1959); Kessler v. Commissioner,87 T.C. at 1292. The fact that only a small number of persons may be in a position comparable to that of petitioner -- a fact asserted by petitioner on brief but one as to which the record is devoid of any probative evidence -- is, in any event, irrelevant. The resolution of a conflict between the application of the tax laws and the free exercise of religion *201 should not depend upon the numbers involved. Cf. Frazee v. Illinois Department of Employment Security,    U.S.    (March 29, 1989). Given the fact that "'we are a cosmopolitan nation made up of people of almost every conceivable religious preference,' there is a point at which accommodation would 'radically restrict the operating latitude of the legislature.'" United States v. Lee,455 U.S. at 259 (citing Braunfeld v. Brown,366 U.S. 599, 606 (1961)). We think the accommodation of petitioner would be beyond that point. Such an accommodation would create an administrative and judicial quagmire by requiring the determination of the religious beliefs of taxpayers in order to determine the applicable tax status. This is a burden which we do not believe should be imposed on the government in administering a statute which is neutral on its face as to persons to which it applies. Bowen v. Roy,476 U.S. at 701-709. We do not view the cases requiring that persons not be denied the benefits of direct governmental payments because of their religious beliefs as dictating a different conclusion. Hobbie v. Unemployment Compensation Appeals Commission of Florida,480 U.S. 136 (1987); *202 Thomas v. Review Bd. of Indiana Employment Security Div.,450 U.S. 707 (1981); Sherbert v. Verner,374 U.S. 398 (1963). These cases involved a complete denial of benefits whereas here petitioner will only have to pay a somewhat higher amount of tax than would otherwise be required. Moreover, these cases involved statutes which contained a "good cause" exception, and the Supreme Court found that failure to apply this exception, because of a person's religious beliefs, constituted unequal treatment and, therefore, unconstitutional discrimination against that person because of those beliefs. Frazee v. Illinois Department of Employment Services, supra. See also Bowen v. Roy, supra.
The long and the short of the matter is that the fact that petitioner may have to pay somewhat more tax as a married individual filing separately than he would if he were taxed at the rates applicable to unmarried individuals is not enough to justify a decision in his favor. That a law with a secular purpose may have the effect of making adherence to his religious beliefs more expensive does not render the statute unconstitutional under the free *203 exercise clause of the First Amendment. Braunfeld v. Brown,366 U.S. at 605-607. [7]
To reflect the agreement of the parties on other issues, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Sec. 143 has been redesignated sec. 7703 by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085.↩
3. Although the details of the calculation are not revealed by the record, it appears that petitioner's tax for 1982 will be lower if the rates for unmarried individuals under section 1(c) rather than the rates for married individuals filing separately under section 1(d) apply. ↩
4. Petitioner makes no attempt to pursue, on brief, the discrimination argument presented in his amended petition, and we therefore consider it abandoned. We note that, in any event, such a position would have been resolved against petitioner. Druker v. Commissioner,77 T.C. 867 (1981), affd. on this issue 697 F.2d 46 (2d Cir. 1982); Black v. Commissioner,69 T.C. 505↩ (1977).
5. The parties have stipulated that petitioner does not meet all the conditions set forth in section 143(b).↩
6. We find it unnecessary to answer each detail of petitioner's attack on our opinion in Black or his attempt to interpolate some of its language to serve his purposes. We are constrained to note that we are puzzled by petitioner's criticism of Black on the ground that we did not consider the issue of standing. We think that the standing of petitioners in that case was clear. Unlike the war-expenditure cases, see Scheide v. Commissioner,65 T.C. 455 (1975), the Blacks were faced with a statute which applied directly to them, just as is petitioner herein. See Allen v. Wright,468 U.S. 737, 750-756↩ (1984). If the Blacks had no standing, it is hard to see how petitioner could claim to be in a better position.
7. One cannot help but wonder whether, in another year when the rates applicable to unmarried individuals turned out to be more expensive, petitioner would seek to abandon his present contentions and claim the status which respondent contends should apply to him herein.↩