T.C. Memo. 2001-274

UNITED STATES TAX COURT

ROBERT MUELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4743-00.              Filed October 10, 2001.

Robert Mueller, pro se.

<u>Jennifer L. Nudding</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $8,712 in petitioner's 1996 Federal income taxes.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

After concessions by petitioner, the sole issue we must decide is whether petitioner is entitled to a filing status other than single with respect to his 1996 tax return because of his long-term economic and personal relationship with Mr. Todd Bates.

Respondent determined that petitioner had unreported Schedule C, Profit or Loss From Business, income of $48,234, that his wage income was decreased by $48,235 (the one dollar difference is unexplained), that his self-employment tax was $6,815, and that his self-employment tax deduction was $3,408. Respondent also determined that petitioner was entitled to a $4,000 standard deduction for single filing status, thereby increasing taxable income by $2,700 ($6,700 for married individuals filing joint returns, minus $4,000), and allowed him a dependency exemption with respect to Mr. Bates. Respondent determined that the tax table, single, was applicable to determine petitioner's tax.

### FINDINGS OF FACT

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Downers Grove, Illinois, at the time he filed his petition.

Robert Mueller (petitioner) is homosexual. In 1989, petitioner began a relationship with Mr. Bates.

Petitioner did not apply for nor receive a marriage license or certificate from the State of Illinois from 1989 through 1996.

Petitioner did not register a marriage with the State of Illinois during the years 1989 through 1996. Petitioner was not married to anyone from 1989 through 1996.

Petitioner timely filed a Federal income tax return for 1996 bearing his name and the name of Mr. Bates. Mr. Bates also signed the 1996 return on the line under petitioner's signature labeled "Spouse's signature." Petitioner struck out the word "Spouse's" on that line.

Petitioner listed his own name on the first line of the label of the 1996 return. Petitioner listed the name "Todd W. Bates" on the second line of the label of the 1996 return. Petitioner struck out the word "spouse's" twice in the label block of the 1996 return.

On the 1996 return, petitioner marked filing status 2, line 2, and struck out the word "Married" on that line so that it read "filing joint return" instead of "Married filing joint return". Petitioner claimed an exemption for a "Spouse" on line 6b of the 1996 return. On line 34 of the 1996 return, petitioner claimed a standard deduction in the amount of $6,700 based upon his claimed filing status of "filing joint return." Petitioner utilized married, filing jointly tax rates in determining his 1996 tax.

All the income reported on the 1996 return was earned by petitioner. Petitioner performed services as a computer consultant during 1996 for the University of Chicago Hospitals,

Phamis, Inc., and Northwest Community Hospital. Mr. Bates was unemployed in 1996. The 1996 return does not reflect any income earned by Mr. Bates.

OPINION

Petitioner is no stranger to this Court. Petitioner received an adverse ruling on the very issue before us for his earlier taxable years 1986 through 1995 in Mueller v. Commissioner, T.C. Memo. 2000-132 (Mueller I), affd. without published opinion 87 AFTR 2d 2001-2052, 2001-1 USTC par. 50,391, (7th Cir. 2001).

The basic difference between Mueller I and this case is that the Defense of Marriage Act (DOMA), Pub. L. 104-199, 110 Stat. 2419 (1996), was in effect during 1996, the year in issue and was not in effect for the earlier years in Mueller I. DOMA sec. 2, 110 Stat. 2419, provides that no State, territory, U.S. possession or Indian tribe is required to give effect to any public act, record, or judicial proceeding of another such organization with respect to a relationship between persons of the same sex that is treated as a marriage under the laws of such other organizations or a right or claim arising from such relationship. DOMA sec. 3, 110 Stat. 2419, provides that in determining the meaning of any Act of Congress, any ruling, regulation, or interpretation of the U.S. administrative bureaus and agencies, the word "marriage" means only a legal union

between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife. Petitioner does not claim he was married in 1996 under the laws of any State. In fact, he is admittedly unmarried. Thus, DOMA effects no change in the law otherwise applicable in this case.

Section 6013 provides that a "husband and wife" may make a single return jointly of income taxes. Petitioner does not purport to be a husband or a wife. Accordingly, petitioner does not qualify under section 6013 as a person entitled to file a joint return. He points to no other section of the Internal Revenue Code which would allow him to file a joint return. Petitioner like any unmarried person, whether heterosexual or homosexual, falls into the category of "Unmarried Individuals (Other Than Surviving Spouses and Heads of Household)" under section 1(c). This is the status referred to as "Single" on the Form 1040, U.S. Individual Income Tax Return.

During the trial, petitioner acknowledged that in Mueller I, this Court considered virtually every single aspect of his case. In light of petitioner's admission about Mueller I, we refer merely to a few aspects of that opinion.

In Mueller I, this Court held that the tax code's distinctions between married taxpayers and unmarried economic partners were constitutionally valid. Similarly, the Court of

Appeals for the Seventh Circuit, to which an appeal of this case would lie, has held that taxing married couples and singles differently does not violate the Constitution. Barter v. United States, 550 F.2d 1239, 1240 (7th Cir. 1977) (per curiam). In affirming Mueller I, the Court of Appeals for the Seventh Circuit reiterated the holding of Barter and stated that Mueller (petitioner here) offered no reason why that analysis did not control in the case before it. Mueller v. Commissioner, 87 AFTR 2d 2001-2052, 2001-1 USTC par. 50,391 (7th Cir. 2001), affg. T.C. Memo. 2000-132. In Mueller I, the Tax Court referred to the holding in Kellems v. Commissioner, 58 T.C. 556 (1972), affd. 474 F.2d 1399 (2d Cir. 1973), that the classification between married and single taxpayers is founded upon a rational basis and was a permissible attempt to account for the greater financial burdens of married taxpayers and to equalize geographically their tax treatment. In Mueller I, the Tax Court also observed that whether policy considerations warrant narrowing of the gap between the tax treatment of married taxpayers and homosexual and other nonmarried economic partners is for Congress to determine in light of all relevant legislative considerations. We agree with all of these statements which answer petitioner's pertinent contentions.

To the extent we have not addressed any of petitioner's contentions, we have considered them and find them to be without merit.

For all the foregoing reasons, we sustain respondent's determination.

<u>Decision will be entered for respondent</u>.