**Naomi Jablonski CASH, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Nos. 78–1560, 78–1562 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14.

R. Travis Douglas, Andrew I. Brown, New Orleans, La., for petitioner-appellant in both cases.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Grant W. Wiprud, Atty., Tax Div., U. S. Dept. of Justice, Stuart E. Seigel, Act. Chief, Counsel, Anthony Ilardi, Jr., Atty., IRS, Washington, D. C., for defendant-appellee in both cases.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Case No. 78–1562 is an appeal from a Tax Court determination that deficiencies in income tax are due from the petitioner for the taxable years 1972, 1973 and 1974. The determination was made on the basis of the Tax Court's memorandum opinion set out in the appendix. We affirm on the basis of that opinion.

Case No. 78–1560 is an appeal from the Tax Court's determination that a deficiency in income tax is due from petitioner for the taxable year 1975. The issues presented in this case are identical to those presented in case No. 78–1562, and on the basis of the reasoning of the appended memorandum opinion, we affirm.

AFFIRMED.

## APPENDIX

### MEMORANDUM OPINION

QUEALY, *Judge*: Respondent determined deficiencies in petitioner's Federal income tax return as follows:

| Taxable Year Ended | Deficiency |
| --- | --- |
| December 31, 1972 | $116.54 |
| December 31, 1973 | 184.33 |
| December 31, 1974 | 199.40 |

On April 6, 1977, respondent filed a motion for judgment on the pleadings. After a hearing was held on the motion on April 25, 1977, the Court granted respondent's motion. An order and decision then was entered in respondent's favor on May 3, 1977.

On June 6, 1977, petitioner filed a motion to vacate the Court's order and decision of May 3, 1977. The Court granted petitioner's motion on June 7, 1977, and gave petitioner 30 days to file a brief opposing respondent's motion for judgment on the pleadings. The Court also gave respondent 30 days from the date petitioner's brief was filed to file a reply brief. These briefs

were filed timely. In addition, petitioner filed a reply brief on September 29, 1977.

The sole question presented by the motion for a judgment on the pleadings is whether sections 214(e)(1) and 214(e)(3)[1] deny petitioner due process of law under the Fifth Amendment of the U.S. Constitution. If the Court finds for the respondent on this issue, petitioner concedes that the deficiencies determined by respondent are correct.

█  In deciding upon the motion of respondent for a judgment on the pleadings, allegations of fact contained in the petition are taken as true. *Stanton v. Larsh*, 239 F.2d 104 (5th Cir. 1957).

Petitioner Naomi Jablonski Cash resided in Metairie, Louisiana, at the time the petition was filed. Petitioner's Federal income tax returns for the 1972, 1973 and 1974 taxable years were filed with the Austin, Texas, Internal Revenue Service Center.

During May through December of the 1972 taxable year and during all of the 1973 and 1974 taxable years, petitioner was gainfully employed outside her home. More than one-half of the cost of maintaining a household for petitioner's son,[2] age one in 1972, was provided by petitioner during each of these taxable years. Petitioner's husband, unavailable to care for their son, was employed in the taxable years pertinent. Petitioner's husband did not contribute to the support of petitioner and their son. Employment-related expenses incurred by petitioner for the care of her son, not exceeding $200.00 during any month, were $496.00 in 1972, $855.00 in 1973 and $945.00 in 1974. Other expenses deducted by petitioner amounted to $968.95 in 1972 and $990.20 in 1973. Petitioner claimed an exemption deduction for her son in 1972 and 1973. The adjusted gross income of petitioner was less than $35,000.00 for each of the pertinent taxable years.[3]

█  The community of acquets and gains existing between petitioner and her husband, Anthony J. Cash, Jr., was dissolved by a Louisiana court order in 1970. Under Louisiana law, the 1970 court order placed petitioner in the status of an unmarried individual regarding her property and income. However, petitioner was still married under Louisiana law. During the taxable years involved, petitioner was legally married to and living in the same household with Anthony J. Cash, Jr. For each of the taxable years, petitioner filed a Federal income tax return separate from her husband.

Section 214 provides for the deduction of dependent care expenses for an individual maintaining a household for one or more other qualifying individuals. Petitioner maintains such a household and meets all the requirements of section 214 except the requirement that a married couple either must file a joint return (section 214(e)(1)) or be living apart from each other (section 214(e)(3)). Because married taxpayers living together are required by section 214(e)(1) to file a joint return while certain married taxpayers living apart are exempt from this requirement by section 214(e)(3), petitioner contends these two sections deny her due process of law under the Fifth Amendment by creating two classes of married taxpayers and treating each class differently.

---

1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Section 214 was repealed effective for taxable years beginning after 1975. For taxable years beginning after 1975, the deduction was converted into a credit (section 44A).

2. In the petition, petitioner alleges that she was maintaining a household for one son. In the brief opposing respondent's motion for a judgment on the pleadings, petitioner alleges she totally supported "her two young sons." As the resolution of this factual question is inconsequential to the ·disposition of respondent's motion, the Court will assume the petition is accurate.

3. Although petitioner says that her adjusted gross income for each of the pertinent taxable years was less than $35,000.00, section 214(d) I.R.C.1954, for taxable years beginning after December 31, 1971, and before March 30, 1975, sets the adjusted gross income limitation of the taxpayer at $18,000.00 for the taxable year. After March 29, 1975, and before taxable years beginning after 1975, the adjusted gross income limitation of section 214(d) was increased to $35,000.00.

That section 214 treats certain married taxpayers living apart differently than other married taxpayers is admitted by respondent. Disparate treatment within the Internal Revenue Code is not unique. For example, single taxpayers pay a rate of tax different than the rate applicable to married taxpayers. This disparity in the rate structure is constitutional. *Barter v. United States,* 550 F.2d 1239 (7th Cir. 1977), affg. per curiam, 422 F.Supp. 958 (N.D.Ind. 1976); *Kellems v. Commissioner,* 58 T.C. 556 (1972). For the reasons set forth below, the different treatment accorded married taxpayers by sections 214(e)(1) and 214(e)(3) is also constitutionally permissible.

Section 214, originally enacted in 1954, was revised substantially by section 210 of the Revenue Act of 1971 (85 Stat. 518). The intent of Congress is set forth in the Report of the Committee on Finance accompanying that Act (S.Rept. No. 92–437, 92nd Cong., 1st Sess. 59–62), and in the Report of the Conference (H.Rept. No. 92–708, 92nd Cong., 1st Sess. 42–43), U.S.Code Cong. & Admin.News 1971, p. 1825. In the Revenue Act of 1971, Congress expanded the definition of "unmarried" under section 214 to include a married taxpayer whose spouse lived outside the household during the entire taxable year. Additionally, the married taxpayer had to show she maintained for more than one-half of the taxable year a household for a dependent and that she furnished over one-half of the cost of maintaining the household. This revision allowed a married taxpayer living apart from her spouse to claim child care expenses without filing a joint return. Section 214(e)(3).

Also as a result of the Revenue Act of 1971, the adjusted gross income allowed, before the amount of the deduction must be reduced, was increased to $18,000.00 (section 214(d)). This limitation was intended to apply to the income of the "household." Section 214(d) provided that "if the taxpayer is married during any period of the taxable year, there shall be taken into account the combined adjusted gross income of the taxpayer and his spouse for such period." The filing of a joint return by married taxpayers is the mechanism used to ensure that their income is combined in accordance with section 214(d).

Congress could assume reasonably that where spouses are living together, the cost of maintaining the household is shared between them to the extent of their respective resources. That this assumption should prove erroneous in petitioner's situation is unfortunate, but immaterial to the constitutional validity of sections 214(e)(1) and 214(e)(3). Perfect equality between persons subject to the Internal Revenue Code is not a constitutional requirement. *Barter v. United States, supra.*

Congress through section 214, as in effect during the years involved, intended to limit the child care deduction to households with an adjusted gross income below a prescribed level. The section defined which married taxpayers were to be treated as unmarried and eliminated the filing of a joint return for these individuals. This unmarried classification was based upon the absence of one spouse from the household. For the other class of married taxpayers, the section required the filing of a joint return to reflect both household income sources. The joint filing requirement was based upon the assumption that both spouses shared in the financial maintenance of the household. The Court, therefore, finds no invidious discrimination in the creation of two classes of married taxpayers to determine fairly the adjusted gross income of the household.[4]

*Decision will be entered for the respondent.*

---

4. A similar situation exists regarding the deduction of alimony where a husband and wife may be separated but are occupying the same household. *Sydnes v. Commissioner,* 68 T.C. 170 (1977).