**William Collier CARLTON, a minor, who sues By and Through Vicki S. CARLTON, General Guardian, Plaintiff,**

v.

**UNITED STATES of America, Through Its INTERNAL REVENUE SERVICE, Defendant.**

**No. WC88–146–B–D.**

United States District Court, N.D. Mississippi, W.D.

Oct. 29, 1991.

Collier Carlton, Jr., Ashland, Miss., for plaintiff.

William D.M. Holmes, U.S. Dept. of Justice, Tax Div., Washington, D.C., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for defendant.

## ORDER

BIGGERS, District Judge.

This cause comes before the court on the parties' cross-motions for summary judgment. The plaintiff brought this action for a refund of federal income taxes for the year 1987 in the amount of $2,460 plus interest. The material facts are stipulated. At the end of the taxable year 1987 the plaintiff was a minor under the age of 14 and both of his parents were alive. In 1987 the plaintiff had a taxable income of $13,439 derived from the investment of funds received as a result of personal injuries. None of the income resulted from any assets transferred to him from his parents. The government determined that the plaintiff was liable for the payment of federal income taxes for 1987 in the amount of $4,327 pursuant to 26 U.S.C. § 1(i). The plaintiff claims that he was liable for only $1,867 on the ground that section 1(i) is unconstitutional based on the equal protection principles of the due process clause of the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954) ("the concepts of equal protection and due process ... are not mutually exclusive" and "discrimination may be so unjustifiable as to be violative of due process").

26 U.S.C. § 1(i) [redesignated (g)] requires that the unearned income of a child under the age of fourteen, who has at least one parent alive at the end of the taxable year, be taxed at the top marginal rate of his parents, regardless of the source of the assets generating the child's unearned income. Prior to the Tax Reform Act, parents were able to transfer income-producing property to their children so that the investment income could be taxed at the children's lower tax rate. The plaintiff asserts that the classification has no reasonable basis and that similarly situated persons are treated differently since a child's earned income is taxed at the lower child's rate whereas his unearned income that did not result from assets transferred from a parent, such as the interest accrued in the plaintiff's savings account, is taxed at the parent's higher rate.

The constitutionality of a tax law "is always to be presumed." *Foley Sec. Corp. v. Comm'r of Internal Revenue*, 106 F.2d 731, 736 (8th Cir.1939). Although equal protection was not specifically referred to, the Supreme Court set forth the following guideline:

> the act complained of was so arbitrary as to constrain to the conclusion that it was not the exertion of taxation, but a confiscation of property ... or ... was so wanting in basis for classification as to produce such a gross and patent inequality as to inevitably lead to the same conclusion.

*Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 24–25, 36 S.Ct. 236, 244–45, 60 L.Ed. 493 (1916). In addition, the Supreme Court has held that the classifications and exemptions in the social security tax provisions "have support in considerations of policy and practical convenience that cannot be condemned as arbitrary." *Steward Machine Co. v. Davis*, 301 U.S. 548, 584, 57 S.Ct. 883, 889, 81 L.Ed. 1279 (1937).

The plaintiff relies on a Supreme Court decision invalidating a state statute that taxed the husband on the combined income of husband and wife. *Hoeper v. Tax*

*Comm'n,* 284 U.S. 206, 215, 52 S.Ct. 120, 122, 76 L.Ed. 248 (1931) ("any attempt ... to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law"). The tax provision in question provides that the child's tax rate, as opposed to the amount of tax, is determined by reference to his parents' income. A child is not liable for the tax on his parents' income. Higher tax rates on married couples than on unmarried persons have been upheld. *Mapes v. United States,* 217 Ct.Cl. 115, 576 F.2d 896, 902 (1978) (although married persons have the option of filing separate returns, "in most instances couples will feel compelled to file jointly, in order to achieve a lower tax liability"), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 722, 58 L.Ed.2d 705 (1978); *Barter v. United States,* 550 F.2d 1239, 1240 (7th Cir.1977) ("perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code" are not constitutional requirements), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978), *cited in Cash v. Comm'r of Internal Revenue,* 580 F.2d 152, 155 (5th Cir. 1978).

In *Cash* the court upheld a tax provision "intended to limit the child care deduction to households with an adjusted gross income below a prescribed level" although it treated two classes of married taxpayers differently. 580 F.2d at 155. The household income is deemed to be the aggregate income of husband and wife if they lived together during the taxable year based on "the assumption that both spouses shared in the financial maintenance of the household." *Id.* Certain married taxpayers living apart are allowed to claim child care expenses without filing a joint return. The petitioner's husband lived in the same household with the petitioner but did not contribute to the support of the petitioner or their son. The court stated

> Congress could assume reasonably that where spouses are living together, the cost of maintaining the household is shared between them to the extent of their respective resources. That this assumption should prove erroneous in peti-

tioner's situation is unfortunate, but immaterial to the constitutional validity of [the tax sections in dispute].

*Id.*

The petitioner in *Cash* was similarly situated to members of the class of married taxpayers maintaining a household with a dependent in the absence of their spouses but was not exempt from the joint filing requirement. Analogously, the plaintiff in the instant cause was similarly situated to members of the class of minor taxpayers with taxable earned income since his income did not result from any property transferred from his parents. As in *Cash,* the particular application of the provision in dispute to the plaintiff falls outside the area of legislative concern but does not rise to the level of a constitutional violation. Therefore, the court finds that the defendant's motion for summary judgment should be granted.

Accordingly, it is ORDERED

That the defendant's motion for summary judgment is GRANTED and this cause is DISMISSED.