798 F.Supp. 574 (1992)
Robert W. BUTLER, Jr., Conservator of the Estate of Benjamin Whittemore Butler, a minor, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 88-2139C(6).
United States District Court, E.D. Missouri, E.D.
September 9, 1992.
*575 Bradford L. Stevens, Newman, Goldfarb, Freyman and Stevens, P.C., St. Louis, Mo., for plaintiff.
Charles S. Kennedy, III, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the parties' cross motions for summary judgment and joint stipulation of facts. Plaintiff Robert W. Butler, Jr., conservator of the estate of Benjamin Whittemore Butler, seeks a declaration that § 1(g) of the Internal Revenue Code, 26 U.S.C. § 1(g), violates the due process clause of the Fifth Amendment.[1] The parties have entered into a joint stipulation of facts which encompasses all material facts and have submitted this matter to the Court for the determination of the legal issues presented by plaintiff's claim. The Court hereby adopts the parties' joint stipulation of facts and incorporates them in its memorandum as if fully set out herein.
At the end of the 1987 calendar year, Benjamin Butler was a minor under the age of 14 and both of his parents were alive. In 1987 Benjamin recognized unearned income of $51,574.00 from the investment of funds received in settlement of a claim for personal injuries (the guardianship estate) and from an irrevocable trust established by his grandparents shortly after his birth. None of the assets of the guardianship estate has ever been transferred from Benjamin's parents. Benjamin's tax liability for the calendar year 1987 was $14,902.00. Absent the provisions of 26 U.S.C. § 1(g), Benjamin's tax liability would have been $11,280.00.
The statutory provision in question, 26 U.S.C. § 1(g), provides for taxation of the unearned income of a child under the age of fourteen, who has at least one parent alive at the end of the taxable year, at the top marginal rate of his parents. This rate is applicable regardless of the source of the assets generating the child's unearned income. The earned income of a minor child is taxed at the lower rate applicable to the child. Prior to the enactment of the Tax Reform Act of 1986, Benjamin and children like him were taxed on their unearned income at the rates applicable to single adults.
Plaintiff asserts that section 1(g) violates the due process clause of the Fifth Amendment because it determines the tax rate applicable to Benjamin's unearned income *576 by reference to his parents' marginal tax rate. Plaintiff also contends that the statute is arbitrary and capricious because it treats the property contained in Benjamin's guardianship estate as though it were owned and controlled by Benjamin's parents rather than the Probate Division of the St. Louis City Circuit Court. In addition, plaintiff asserts that § 1(g) was enacted to prevent income shifting for the purpose of avoiding tax and that the funds present in the guardianship estate have never been shifted from Benjamin's parents or others to Benjamin.
The Court begins with the proposition that the constitutionality of a tax law "is always to be presumed." Foley Sec. Corp. v. Comm'r of Internal Revenue, 106 F.2d 731, 736 (8th Cir.1939). A tax provision will not run afoul of Fifth Amendment substantive due process principles unless it is so arbitrary as to amount to a confiscation of property and there are no considerations of policy or practical convenience to support it. See, e.g., Steward Machine Co. v. Davis, 301 U.S. 548, 584, 57 S.Ct. 883, 889-90, 81 L.Ed. 1279 (1936); Brushaber v. Union Pacific R.R., 240 U.S. 1, 24, 36 S.Ct. 236, 244, 60 L.Ed. 493 (1915). The government asserts that neither of these conditions is met by § 1(g). Conceding that § 1(g) was enacted to prevent income shifting, the transfer of funds from parents to children in order to decrease overall tax liability, the government contends that the provision bears a sufficiently rational relationship to this purpose to withstand constitutional scrutiny.
In support of his position, plaintiff relies on Hoeper v. Tax Commissioner, 284 U.S. 206, 214, 52 S.Ct. 120, 121, 76 L.Ed. 248 (1931), in which the Supreme Court found that a state tax provision which held a husband liable for tax on the combined income of both husband and wife was so arbitrary as to constitute a violation of Fifth Amendment substantive due process. In so holding, the Supreme Court stated that "any attempt ... to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law." Id. at 215, 52 S.Ct. at 122.
Defendant asserts and the Court agrees that Hoeper is distinguishable from the present case. Section 1(g) does not contravene the principles set forth in Hoeper because under that provision only the child's tax rate, and not the amount of his tax, is determined by reference to his parents' income. Unlike § 1(g), the provision at issue in Hoeper made the taxpayer liable for tax on the income of another rather than determining the rate of tax by reference to another person's income. Section 1(g) does not make a child liable for the tax due on his parents' income and is not therefore objectionable under the principles announced in Hoeper. See Carlton v. United States, 789 F.Supp. 746 (N.D.Miss.1991), 789 F.Supp. 746, 747-48 (N.D.Miss.1991) (similarly distinguishing Hoeper and rejecting a Fifth Amendment equal protection challenge to 26 U.S.C. § 1(g)).
Various opinions announced after Hoeper indicate that the Constitution does not require "perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code." Barter v. United States, 550 F.2d 1239, 1240 (7th Cir.1977), cert. denied, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978). For example, courts have upheld tax provisions which treat two classes of married taxpayers differently or which result in differential tax rates for married couples and unmarried persons. Cash v. Comm'r of Internal Revenue, 580 F.2d 152, 155 (5th Cir.1978); Mapes v. United States, 576 F.2d 896, 902 (Ct.Cl.), cert. denied, 439 U.S. 1046, 99 S.Ct. 722, 58 L.Ed.2d 705 (1978). Plaintiff correctly asserts that the application of § 1(g) to plaintiff's guardianship estate does not implicate the legislative concern with income shifting. Nevertheless, the Constitution does not require an exact correspondence between the intended scope of the statute and its ultimate application. Cash, 580 F.2d at 155; Carlton, 789 F.Supp. at 746. On the basis of the foregoing, the Court concludes that plaintiff's *577 constitutional challenge to § 1(g) must fail.
NOTES
[1] In their brief, the parties make reference to 26 U.S.C. § 1(i). This section has been redesignated as 26 U.S.C. § 1(g). Therefore, the Court will refer to the provision in question as 26 U.S.C. § 1(g).