**T & L COMPUTER SYSTEMS, INC., et al., Plaintiffs,**

v.

**Phillip J. STANFORD, et al., Defendants.**

No. CIV.A. 3:99CV2172–G.

United States District Court, N.D. Texas, Dallas Division.

April 3, 2001.

Jeff Abrams, Dallas, TX, Pro se.

Hesha Abrams, Dallas, TX, Pro se.

Richard J. Cinclair, Jr., Rudy Beuttenmuller, Thomas & Self, Dallas, TX, for Plaintiffs.

Brenda H. Collier, Glast Phillips & Murray, Dallas, TX, for Defendants.

## *MEMORANDUM ORDER*

FISH, District Judge.

This case is before the court on the defendants' motion for partial judgment on the pleadings. For the reasons that follow, the motion is denied.

### I. *BACKGROUND*

The plaintiffs, T & L Computer Systems, Inc., Tom Clark, and Linda Clark[1] ("the plaintiffs"), filed their original complaint on September 27, 1999, alleging claims of copyright infringement, unfair competition, false designation of origin, deception of the public, and trademark infringement, all in relation to a dispute between the parties over the development of, and right to use, a particular software system and its associated forms ("the Minute Menu System" or "the System"). *See* Complaint for Copyright Infringement, Unfair Competition, False Designation of Origin, Deception of the Public and Trademark Infringement ¶¶ 6–7, 16–63. On March 6, 2000, the plaintiffs filed their first amended complaint, which alleged no new causes of action. *See* First Amended Complaint for Copyright Infringement, Unfair Competition, False Designation of Origin, Deception of the Public and Trademark Infringement ¶¶ 41–80.

On October 30, 2000, the defendants, Phillip J. Stanford, Angela L. Stanford, and The CareNetwork, Inc. ("the defendants"), filed the instant motion for partial judgment on the pleadings. *See* Defendants' Motion and Brief for Partial Judgment on the Pleadings ("Partial Judgment Brief"). Seeking to cure the alleged pleading defects identified by the defendants in the instant motion for partial judgment, the plaintiffs sought leave of court, on December 8, 2000, to amend their first amended complaint. *See* Plaintiffs' Motion to Enter Agreed Order Allowing Amendment of Plaintiffs' First Amended Complaint. The court granted the plaintiffs' motion for leave, and the second amended complaint was filed on December 11, 2000. *See* Second Amended Complaint for Copyright Infringement, Unfair Competition, False Designation of Origin, Deception of the Public and Trademark Infringement ("Second Amended Complaint").

### II. *ANALYSIS*

The defendants contend that the plaintiffs' Lanham Act causes of action fail to state claims for which relief can be granted, and that this court lacks subject matter jurisdiction over these claims. *See* Partial Judgment Brief at 5. Specifically, the defendants argue that the plaintiffs' Lanham Act claims are fatally flawed, because they fail to allege that the advertised goods or services in question entered interstate

---

1. The only plaintiff on September 27, 1999, the date of the original complaint, was T & L Computer Systems, Inc. Tom and Linda Clark were added as plaintiffs by the second amended complaint filed December 11, 2000.

commerce, and also because they do not allege that the purported deception at issue here was material in the sense that it was likely to influence purchasing decisions. See *id.*

### A. Legal Standard

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When ruling on such a motion, the court must regard allegations of fact in the complaint as true. See *Cash v. Commissioner of Internal Revenue,* 580 F.2d 152, 154 (5th Cir.1978). The court may enter judgment on the pleadings only if the material facts show that the movant is entitled to prevail as a matter of law. See *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973). This standard is roughly equivalent to that applied on a motion under Rule 12(b)(6) to dismiss for failure to state a claim. See 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (1990); see also *St. Paul Insurance Company of Bellaire, Texas v. AFIA Worldwide Insurance Company,* 937 F.2d 274, 279 (5th Cir.1991).

### B. Lanham Act Claims

The Lanham Act imposes liability on:

[a]ny person who, on or in connection with any goods ... *uses in commerce* any word, term, name, ... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ....

15 U.S.C. § 1125(a)(1)(A) (emphasis added). 15 U.S.C. § 1127 in turn defines "commerce" to mean "all commerce which may lawfully be regulated by Congress," and a final provision of the same statute states that "[t]he intent of this chapter is to regulate commerce within the control of Congress ...."

There is considerable disagreement among the federal courts on the question of whether goods and services, in order to have been "used in commerce" for purposes of Lanham Act, must have entered interstate commerce. Compare, *e.g., Summit Technology, Inc. v. High–Line Medical Instruments, Co.,* 933 F.Supp. 918, 934 n. 10 (C.D.Cal.1996) ("under § 1127, a Lanham Act claim may be brought with regard to any statement used in such a way as to 'substantially affect' interstate commerce.") (citations omitted); *Mother Waddles Perpetual Mission, Inc. v. Frazier,* 904 F.Supp. 603, 610–11 (E.D.Mich. 1995) ("In a trademark case, the interstate commerce jurisdictional requirement may be met by showing that the infringing mark was used in connection with goods in commerce, *or that the defendant's use, while intrastate, substantially affected interstate business.*") (emphasis added) (citing *Schroeder v. Lotito,* 577 F.Supp. 708, 714 (D.R.I.1983)); and *Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 872 (3d Cir.1992) (in Lanham Act claims, plaintiffs must allege in their complaint, among other things, "that the advertised goods travelled in interstate commerce ...."); *Licata & Co., Inc. v. Goldberg,* 812 F.Supp. 403, 409 (S.D.N.Y. 1993) ("The Lanham Act's reach, while long, does not extend to the full outer limits of the commerce power. Its plain meaning ... reflects a legislative judgment that for the statute to apply, the questioned advertising or statements, and not merely the underlying commercial activity, must be disseminated in commerce—*i.e.,* not be purely local.").

In *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, the Fifth Circuit instructed as follows:

> The intendment of the section giving a right for infringement "in commerce" is clear. The judicial interpretation given by this circuit is that "in commerce" is intended to refer to the impact that the infringement has upon the interstate use of the trademark and *not to mean that an infringer is immune from interference with an interstate trademark so long as he keeps his infringement within the confines of a state* .... "It is clear that intrastate infringing use is within the provisions of the [Lanham] Act if it has a substantial economic effect upon interstate use by the mark's owner."

*Id.* at 488 (quoting *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790 (6th Cir.1957)) (emphasis added); see also *Pure Foods v. Minute Maid Corporation*, 214 F.2d 792, 795 (5th Cir.) (declaring that a trademark registered under the Lanham Act is protected from infringement which is purely intrastate but which interferes with the free flow of interstate commerce or has a substantial effect on such commerce), *cert. denied*, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 697 (1954). More recently, however, the Fifth Circuit appears at times to have reversed course on this point, stating in a number of cases that persons bringing actions pursuant to the Lanham Act must demonstrate, among other things, that "the defendants caused their products to enter interstate commerce ...." *King v. Ames*, 179 F.3d 370, 373–74 (5th Cir.1999) (citing *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1500 (5th Cir.1990)); see also *Seven–Up Co. v. Coca–Cola Co.*, 86 F.3d 1379, 1383 n. 3 (5th Cir.1996) (a plaintiff bringing an action under § 43(a) of the Lanham Act must allege "that the advertised goods travelled in interstate commerce") (citation omitted); but see *Dr. Kenneth Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 141 F.3d 243, 251 (5th Cir.1998) (citing *Seven–Up Co.*, 86 F.3d at 1383 n. 3, for proposition that the Lanham Act requires only that the advertised services at issue *involve* interstate commerce).

■ For two reasons, however, *World Carpets* and the other early cases cited previously constitute binding precedent here. First, the Fifth Circuit's recent declarations that Lanham Act plaintiffs must demonstrate that the advertised goods in question entered interstate commerce were *dicta*.[2] Second, *King, Taquino,* and *Seven–Up Co.*—the recent Fifth Circuit cases cited above which appear to overrule the earlier precedents *sub silentio*—were all decided by panels; under the well-settled rule that "one panel may not overrule the decision, right or wrong, of a prior panel in the absence of *en banc* reconsider-

---

2. These declarations should be considered *dicta* because they " 'could have been deleted without seriously impairing the analytical foundations of the holding[s]—[and], being peripheral, may not have received the full and careful consideration of the court that uttered it.' " *Matter of Cajun Electric Power Cooperative, Inc.*, 109 F.3d 248, 256 (5th Cir.1997) (quoting *Sarnoff v. American Home Products Corporation*, 798 F.2d 1075, 1084 (7th Cir. 1986)) (modification in original). See *King v. Ames*, 179 F.3d 370, 373–74 (5th Cir.1999) (holding that the "likelihood of confusion" element of a plaintiff's Lanham Act claim is appropriate for resolution on summary judgment); *Seven–Up Co. v. Coca–Cola Co.*, 86 F.3d 1379, 1383–86 (5th Cir.1996) (applying "commercial advertising or promotion" element of Lanham Act's false advertising provision); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1500 (5th Cir.1990) (finding no Lanham Act violation where alleged deceptions were not material, the statements did not actually deceive or have the capacity to deceive a substantial number of potential buyers, and the alleged false and deceptive "advertising" was not the type of activity the Act was designed to prevent).

ation or superseding decision of the Supreme Court," *Burlington Northern Railroad Co. v. Brotherhood of Maintenance of Way Employees*, 961 F.2d 86, 89 (5th Cir. 1992), *cert. denied*, 506 U.S. 1071, 113 S.Ct. 1028, 122 L.Ed.2d 173 (1993) (internal quotation marks and citation omitted), neither *King* nor the other recent panel decisions discussed above could overrule the Fifth Circuit's prior holdings in *World Carpets* and *Pure Foods, Inc.*

■ The plaintiffs in the instant case, as the defendants point out, have not alleged that the defendants' actions crossed state lines. *See* Plaintiffs' Response to Defendants' Motion for Partial Judgment on the Pleadings and Brief in Partial Opposition to the Motion ("Response Brief") at 6. They have alleged, however, that the defendants' intrastate activity has adversely impacted the plaintiffs' interstate business. *See* Second Amended Complaint ¶ 54. Thus, under the authority of *World Carpets* and *Pure Foods, Inc.*, the plaintiffs have stated Lanham Act claims for which relief can be granted.

The defendants also maintain that the plaintiffs' Lanham Act claims fail because they do not allege that the purported deception at issue here was material in that it was unlikely to influence purchasing decisions. *See* Partial Judgment Brief at 5. Because the second amended complaint expressly states the plaintiffs' allegation that the challenged statements are material in the sense that they are likely to influence consumers' purchasing decisions, *see* Second Amended Complaint ¶¶ 53, 62, the court concludes that the plaintiffs have adequately stated Lanham Act claims for which relief can be granted. Accordingly, the defendants' motion for partial judgment on these claims is denied.

### C. *Other Claims*

■ The defendants also urge that, because the plaintiffs have not registered the disputed "Minute Menu System" with the Register of Copyrights, this court lacks jurisdiction to decide the plaintiffs' claim under the Copyright Act with regard to the menus that are part of the System. *See* Partial Judgment Brief at 4 (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir.1997)). The plaintiffs agree that no action for copyright infringement lies with respect to the menus. Response Brief at 2–3. Because the second amended complaint makes it clear that the plaintiffs' copyright infringement actions do not encompass the menus, *see* Second Amended Complaint ¶ 44, the defendants' motion for partial judgment on the copyright infringement claims is denied as moot.

■ Finally, the defendants contend—and the plaintiffs concede—that the plaintiffs' Deception of the Public claim (Count IV) is merely a restatement of their Unfair Competition claim (Count II). *See* Partial Judgment Brief at 6–7; Response Brief at 9. However, because the second amended complaint consolidates these two causes of action into a single count, *see* Second Amended Complaint ¶¶ 58–65, the defendants' motion for partial judgment on Counts II and IV is also denied as moot.

### III. *CONCLUSION*

For the foregoing reasons, the defendants' motion for partial judgment on the pleadings is **DENIED** in all respects.

**SO ORDERED.**