T.C. Memo. 2013-111

UNITED STATES TAX COURT

NANCY LOUISE FIELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22522-11.                    Filed April 18, 2013.

<u>John M. Mooney, Jr.</u>, for petitioner.

<u>Marshall R. Jones</u> and <u>John F. Driscoll</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on respondent's motion for

summary judgment.  Respondent determined a $10,144 deficiency in petitioner's

2009 Federal income tax and a $2,029 accuracy-related penalty under section

[*2] 6662(a).[1]  The issues for decision are:  (1) whether petitioner is entitled to a tax credit for adoption expenses under section 23(a) and (2) whether she is liable for the section 6662(a) penalty.

## Background

The record reveals or the parties do not dispute the following.

On July 16, 2008, petitioner and her husband, who is petitioner's counsel of record, were married.  They did not live apart during the last six months of 2009.  On her 2009 Federal income tax return petitioner claimed a status of married filing separate and claimed that under section 23(a) she was entitled to a qualified adoption expense credit of $10,144, which exactly offset her reported tentative tax of the same amount.

In his notice of deficiency respondent's disallowance of petitioner's claimed qualified adoption expense credit resulted in a $10,144 deficiency.  Respondent also determined that pursuant to section 6662(a) petitioner was liable for an accuracy-related penalty of $2,029.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts have been rounded to the nearest dollar.

**[*3]**                                Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b). The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d).

Section 23(a) allows a credit against an individual's income tax for "qualified adoption expenses paid or incurred by the taxpayer." If the taxpayer is married at the close of the taxable year, this credit is generally allowed only if the taxpayer and his or her spouse file a joint return for that taxable year (joint filing requirement).[2] Sec. 23(f)(1). Because petitioner was married as of the close of

---

[2]There are certain exceptions to the general rule. See sec. 23(f)(1) (cross-referencing sec. 21(e)(2), (3), and (4)). Petitioner has not alleged and the record
(continued...)

[*4] 2009 but did not file a joint return, she is not entitled to any credit under section 23(a).

In opposing respondent's motion for summary judgment, petitioner contends that the joint filing requirement violates her equal protection rights under the Fifth Amendment to the U.S. Constitution. She alleges that before she married in 2008 she adopted 15 children, that her husband has never adopted any of these children, and that for all practical purposes she has been their only support. Petitioner contends that the effect of the joint filing requirement is to penalize her for having married in 2008. She contends that in "this unique situation of hers * * * she should be treated as * * * unmarried".

The Fifth Amendment, as applied to Federal legislation, encompasses the equal protection requirements of the Fourteenth Amendment. Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975). The Supreme Court recently reiterated its longstanding holding that "'a classification neither involving fundamental rights nor proceeding along suspect lines * * * cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" See Armour v. City of

----

[2](...continued)
does not show that any of these exceptions applies in this case.

[*5] Indianapolis, __ U.S. __, __, 132 S. Ct. 2073, 2080 (2012) (quoting Heller v. Doe, 509 U.S. 312, 319-320 (1993)).

Petitioner appears to suggest that the joint filing requirement imposes an impermissible classification on the basis of marital status. The effects, if any, that the joint filing requirement has had on petitioner's right to marry or her familial relationships are incidental burdens and do not rise to the level of an impermissible burden necessitating a heightened standard of review by this Court. Cf. Zablocki v. Redhail, 434 U.S. 374, 383, 386 (1978) (stating that although the right to marry is "of fundamental importance", the State may legitimately impose "reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship"); Califano v. Jobst, 434 U.S. 47, 58 (1977) (explaining that Social Security classifications that had a tangential impact upon a marital decision did not violate due process); see also Kellems v. Commissioner, 58 T.C. 556 (1972) (upholding different tax rates for married and single taxpayers), aff'd per curiam, 474 F.2d 1399 (2d Cir. 1973). Rather, the complained-of classification is, at most, what the Supreme Court has labeled a "tax classification." Armour, __ U.S. at __, 132 S. Ct. at 2080.

A tax classification is "constitutionally valid if 'there is a plausible policy reason for the classification, the legislative facts on which the classification is

**[*6]** apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.'" Id. at __, 132 S. Ct. at 2080 (quoting Nordlinger v. Hahn, 505 U.S. 1, 11 (1992)). There is deemed to be a plausible policy reason "if 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Id. at __, 132 S. Ct. at 2080 (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993)). Moreover, "because the classification is presumed constitutional, the 'burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" Id. at __, 132 S. Ct. at 2080-2081 (quoting Doe, 509 U.S. at 320).

The joint filing requirement is very similar to a requirement under former section 214, which allowed a deduction for child care expenses for married taxpayers but only if they filed joint returns. This Court held that requirement to be valid under the Equal Protection Clause, and its holding was affirmed by the Court of Appeals for the Fifth Circuit, to which any appeal of this case would lie. See sec. 7482(b)(1)(A); Black v. Commissioner, 69 T.C. 505 (1977); Cash v. Commissioner, T.C. Memo. 1977-405, aff'd per curiam, 580 F.2d 152 (5th Cir. 1978). With respect to the joint filing requirement under section 23(a), as with the

**[\*7]** joint filing requirement under former section 214, Congress could reasonably assume that spouses who live together share the cost of maintaining the household, so as to justify the joint filing requirement. For this purpose, it is immaterial whether the assumption might have proved erroneous in petitioner's situation, as she alleges. Furthermore, we believe that plausible administrative considerations provide a rational basis for the joint filing requirement. See Armour, __ U.S. at __, 132 S. Ct. at 2081 ("Ordinarily, administrative considerations can justify a tax-related distinction."). For instance, the joint filing requirement plausibly mitigates administrative concerns against married taxpayers' claiming duplicative adoption credits for the same child on separate returns.

Petitioner suggests that respondent has allowed her to claim adoption tax credits for 2010 "under the same format", which we understand to mean with respect to a return that she filed separately. She contends that respondent's alleged lack of consistency denies her equal protection under the law. Petitioner's argument is without merit. Each tax year stands on its own and must be separately considered. See United States v. Skelly Oil Co., 394 U.S. 678, 684 (1969). The Commissioner is not required for any given year to allow a tax benefit permitted for a previous or subsequent year. See, e.g., Lerch v. Commissioner, 877 F.2d

[*8] 624, 627 n.6 (7th Cir. 1989), aff'g T.C. Memo. 1987-295; Pekar v. Commissioner, 113 T.C. 158, 166 (1999).

We conclude and hold that the joint filing requirement does not violate the Equal Protection Clause. Finding no genuine issue of material fact requiring a trial in this case with regard to the disallowance of the tax credit under section 23(a), we further hold that respondent is entitled to summary judgment on that issue.

Respondent also determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662. Respondent bears the burden of production with respect to this penalty. See sec. 7491(c). To meet this burden, respondent must produce evidence establishing that it is appropriate to impose this penalty. Once respondent has done so, the burden of proof is on petitioner to show that the penalty does not apply. See Higbee v. Commissioner, 116 T.C. 438, 449 (2001).

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the portion of the underpayment of tax attributable to, among other things, negligence or disregard of rules or regulations or any substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c).

**[*9]** Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under like circumstances. See, e.g., Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), aff'g 92 T.C. 1 (1989); Neely v. Commissioner, 85 T.C. 934, 947 (1985). A substantial understatement of income tax is defined in section 6662(d)(1)(A) as an understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000.

Petitioner's $10,144 understatement exceeds $5,000, which is greater than 10% of the tax required to be shown on her return. Accordingly, respondent has met his burden of production to show that petitioner has a substantial understatement of income tax.

Respondent having met his burden, petitioner must come forward with persuasive evidence that the determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447. Taxpayers can meet this burden by showing that they acted with reasonable cause and in good faith. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Petitioner asserts that she acted with reasonable cause and in good faith. Because there is a genuine dispute as to the material facts with respect to this issue, respondent is not entitled to summary judgment on this issue.

**[*10]** Accordingly, we will grant in part respondent's motion for summary judgment.  To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.