T.C. Memo. 1998-60


UNITED STATES TAX COURT


CHRIS E. COLUMBUS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24738-96.          Filed February 12, 1998.


Chris E. Columbus, pro se.

Donald E. Edwards, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WHALEN, Judge:  Petitioner did not file a return for any of the years in issue.  Based upon information reported to the Internal Revenue Service, respondent computed petitioner's tax and determined the following deficiencies in and additions to petitioner's income tax:

|      |            | Additions to Tax |            |
|------|------------|------------------|------------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
| 1992 | $9,245     | $1,415           | $230       |
| 1993 | 10,896     | 1,432            | 216        |
| 1994 | 11,708     | 1,509            | 281        |

The above tax deficiencies do not reflect the fact that income tax had been withheld from petitioner's wages in the amount of $3,584 in 1992, $5,167 in 1993, and $5,672 in 1994.  Thus, according to the notice of deficiency, the "net additional tax" due from petitioner in 1992, 1993, and 1994 is $5,661, $5,729, and $6,036, respectively.

The issues for decision are:  (1) Whether petitioner should be allowed the filing status of married filing jointly, rather than single; (2) whether petitioner is entitled to five or six personal exemptions; (3) whether petitioner realized gain from the sale of stock of his employer, American Airlines, Inc.; (4) whether petitioner is entitled to collect $17,732.46 in "damages" from the Internal Revenue Service and whether petitioner can deduct $9,000 per year for "the impact the events created on his ability to earn income, both past, present and future * * * in additional to any deductions that are otherwise authorized,"; and (5) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure

to file a tax return or the addition to tax under section 6654 for failure to pay estimated income tax. Unless stated otherwise, all section references are to the Internal Revenue Code as in effect during the years in issue.

FINDINGS OF FACT

The parties have stipulated some of the facts. The stipulation of facts filed by the parties and the sole exhibit attached thereto are incorporated herein by this reference. Petitioner was a resident of Tulsa, Oklahoma, at the time he filed his petition in this case.

Petitioner married Sueko Miyasato on February 3, 1971, in Okinawa, Japan. The couple had four children, Angie Columbus, Brian Columbus, Christopher Columbus, and Elizabeth Columbus. At the time the petition was filed in this case, petitioner was employed by American Airlines, Inc. During 1992, 1993, and 1994, he received $34,647, $40,327, and $43,736, respectively, in wages from American Airlines. Petitioner was formerly a member of the U.S. Marine Corps. During 1992, 1993, and 1994, he received $13,154, $13,547, and $13,801, respectively, in taxable retirement income from the U.S. Marine Corps.

During the years in issue, petitioner made monthly contributions to an employee stock purchase plan provided by his employer. Petitioner's contributions were used to purchase stock in American Airlines. During 1992, 1993, and 1994, petitioner realized $1,039, $1,327, and $1,022, respectively, from the sale of American Airlines stock. Petitioner received $10, $40, and $59 of interest income in 1992, 1993, and 1994, respectively.

Sometime in January 1988, petitioner was transferred by his employer from Oakland, California, to Tulsa, Oklahoma. In August 1988, petitioner's oldest daughter, Angie Columbus, was separated from petitioner and the other members of his family and was taken back to California and placed in foster care. It appears that this action was taken pursuant to an order of a juvenile court in California, but the record of the instant case does not contain that order or explain the reason for the juvenile court's action.

On or about October 23, 1989, the Superior Court of California for the County of Alameda entered a default judgment and order which directed petitioner and his wife to pay $308 per month for the support and maintenance of Angie Columbus. The default judgment also found petitioner and his wife indebted to the County of Alameda in the sum

of $5,162 "as and for Aid to Families with Dependent Children Public Assistance paid" on petitioner's behalf from December 1987 to January 1988, and from August 1988 to October 31, 1989.  In addition to requiring petitioner and his wife to pay $308 per month, the State court directed them to pay $25 per month to liquidate the judgment.  The default judgment and order further directed that the total of those amounts, $333 per month, "be assigned from the wages or salary" of petitioner and paid to the Treasurer of Alameda County, together with attorney's fees of $300 and costs of $25.  The default judgment and order states as follows:

> THAT the County of Alameda may intercept
> Defendant's California Franchise Tax Board
> and Internal Revenue Service refunds and/or
> Unemployment Insurance Benefits to collect
> any existing or future arrears or reimburse-
> ment owing to the County of Alameda.

Pursuant to the above order, petitioner's employer, American Airlines, deducted $333 per month from petitioner's wages.  The Office of the District Attorney, Alameda County, California, sent petitioner and his wife a "child support warning notice" dated October 22, 1991. The notice states as follows:

As of 08/31/91, you owe $5,103, in past due support while your child(ren) received public assistance. The Internal Revenue Service (IRS) and/or the State Franchise Tax Board (FTB) will be authorized to deduct this past due amount from your individual or joint income tax refund. This action is authorized by:  Title 42 United States Code Sections 664 and 666, Title 45 of the Code of Federal Regulations, Sections 303.72 and 303.102, and California Government Code Section 12419.5.

Petitioner's daughter, Angie Columbus, reached the age of 19 before December 31, 1992.

On January 25, 1993, January 3, 1994, and May 21, 1994, representatives of the Office of the District Attorney, Family Support Division, Alameda County, California, wrote to petitioner about his obligation to pay support for his eldest daughter.  All three letters contain the following:

RE: Sueko Columbus -vs- Chris E. Columbus
FSD No.: 688797-A (ENF)

The Office of the District Attorney, Family Support Division, Alameda County, California, also wrote to petitioner's employer on May 21, 1994, directing the payroll manager to cease deducting child support in the amount of $333 per month from petitioner's wages.

OPINION

First, petitioner complains that the deficiencies determined by respondent for 1992, 1993, and 1994 are based on the erroneous assumption that petitioner is single, rather than a married individual filing joint returns. In effect, petitioner complains that for each of the years in issue, respondent computed his tax liability using the rates, set forth in section 1(c), which are applicable to unmarried individuals. Petitioner notes that the rates used by respondent are higher than the rates set forth in section 1(a), which are applicable to married individuals filing joint returns. In passing, we note that neither respondent nor petitioner contends that petitioner's tax liability should be computed using the rates, set forth in section 1(d), which are applicable to married individuals filing separate returns.

In order to be eligible to compute tax using the joint return rates prescribed by section 1(a), the taxpayer must be a married individual who makes a joint return with his spouse under section 6013, or the taxpayer must be a surviving spouse. Sec. 1(a). Petitioner is not a surviving spouse. Therefore, in order for petitioner to be eligible to compute his tax for 1992, 1993, or 1994 using joint

return rates, he must make a joint return with his spouse for the year.

The parties stipulated that "petitioner is entitled to married filing joint status if he and his spouse file a joint return."  This is true even in the case of a delinquent return.  See generally Millsap v. Commissioner, 91 T.C. 926, 929 (1988); Phillips v. Commissioner, 86 T.C. 433 (1986), affd. in part, revd. in part 851 F.2d 1492 (D.C. Cir. 1988).  However, petitioner did not file a return for any of the years in issue 1992, 1993, and 1994. Accordingly, petitioner is not eligible for the married filing joint return filing status pursuant to section 1(a) with respect to any of the years in issue.

Second, petitioner complains that the deficiency determined by respondent for each of the years in issue is computed with the allowance of only one personal exemption. Petitioner contends that he is entitled to six personal exemptions.  According to petitioner, he is entitled to a personal exemption for each of his four children because at the close of each of the years in issue, each of his children was a "dependent", as defined by section 152. Petitioner further contends that he is entitled to a personal exemption for his spouse and for himself.

Respondent agrees that petitioner is entitled to five personal exemptions, three for his children, one for his spouse, and one for himself for each of the years in issue, but respondent contends that petitioner is not entitled to a personal exemption for petitioner's oldest daughter because she was 19 years of age at the close of 1992.

The parties have stipulated that "petitioner's oldest child reached the age of 19 before December 31, 1992." Accordingly, petitioner is not entitled to a personal exemption for his oldest child for any of the years in issue, unless his oldest child had gross income of less than the exemption amount or was a student who had not attained the age of 24 at the close of the year. Sec. 151(c)(1)(A) and (B). Petitioner bears the burden of proving eligibility for the exemption. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner failed to introduce any evidence concerning his oldest daughter's gross income for 1992, 1993, or 1994, and, thus, he did not prove that her gross income in any of those years was less than the exemption amount, $2,000. Sec. 151(d)(1). Furthermore, at trial, petitioner testified that he did not know whether his oldest daughter was a student during any of the years in issue. Petitioner stated as follows:

Q    And in regard to your oldest daughter, she
     did reach 19 before the end of 1992. Correct

A    Correct.

Q    And you do not know whether she was a full-
     time student in 1992--

A    Correct.

Q    -- or in 1993 --

A    Correct.

Q    -- or in 1994.

A    Correct.

Because petitioner did not prove that his oldest daughter
had gross income less than the exemption amount or was a
student during the years in issue, he has failed to meet
his burden of proving that he is eligible to claim a
personal exemption for her.  Accordingly, we find that
petitioner is entitled to only five personal exemptions
for each of the years in issue.

Third, respondent determined in the notice of
deficiency that the entire amount that petitioner received
from the sale of his employer's stock in each of the years
in issue is taxable as gain realized from the sale.  The
notice of deficiency describes this adjustment as follows:

Based on information available to us, you had stock sales in the amount shown below. If you can substantiate this is not all taxable income, and verify your basis in the stock sold, we will be glad to reconsider this adjustment.

Petitioner contends that he did not realize any gain from the sales of his employer's stock during any of the years in issue. At trial, petitioner testified that he participated in an employee stock purchase plan under which $100 per month was deducted from his wages and used to purchase his employer's stock. Petitioner's testimony is corroborated by an employee stock purchase plan quarterly statement issued by Merrill Lynch for the last quarter of 1992 and by a pay statement issued by American Airlines, Inc., for August 14, 1992, and December 15, 1994. We accept petitioner's testimony that the cost of purchasing the stock that he sold during each of the years in issue was equal to or greater than the amount he realized from the sale of stock and that he did not realize a gain from the sales during any of the years in issue.

Fourth, petitioner claims to be entitled to collect "damages" of $17,732.46 from the Internal Revenue Service on the ground that "no one should ever profit from improper acts, be it an individual, or governmental agent." He

claims that this is the "amount collected throughout the years of the garnishment California placed on the wages". In his trial memorandum, petitioner cites section 7214 relating to offenses by officers and employees of the United States, as authority for his damage claim. Furthermore, he asks the Court to allow him to deduct $9,000 per year to reflect "the impact the events created on his ability to earn income, both past, present and future * * * in addition to any deductions that are otherwise authorized."

The Tax Court has limited jurisdiction and may exercise only the power conferred by statute. See sec. 7442; Neilson v. Commissioner, 94 T.C. 1, 9 (1990) ("This Court has limited jurisdiction conferred by statute".). Petitioner's allegation that respondent's conduct was improper in some way, such as amounting to a violation of section 7214, is a matter over which this Court has no jurisdiction. Cf. Boger v. Commissioner, T.C. Memo. 1981-629. Petitioner has not shown that the Court has jurisdiction to consider his claim for "damages" under section 7214 or any other law.

Moreover, there is nothing in the record, and petitioner has presented no evidence to substantiate his

claim that respondent engaged in any tortious or other improper conduct with respect to petitioner and his family. Petitioner's principal complaint seems to be that respondent deducted the child support owed to the State of California from petitioner's income tax refunds. The record of this case suggests that this took place with respect to a refund of petitioner's 1991 tax. However, section 6402(c) provides:

> The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act.

It appears that respondent was notified of petitioner's past-due support obligations by the State of California in accordance with section 464 of the Social Security Act. Thus, respondent was required to reduce petitioner's income tax refunds and pay such amounts to the State of California. Sec. 6402(c). No court of the United States, including this Court, has jurisdiction to hear an action to review or restrain a reduction authorized by section 6402(c). Sec. 6402(e). Accordingly, we deny petitioner's claim for damages.

Fifth, petitioner argues that he is not liable for the addition to tax for failure to file a timely return as provided by section 6651(a)(1) because his failure to file each of the subject tax returns was due to reasonable cause. He claims that he did not file those tax returns because he was uncertain about whether he could claim his oldest daughter as a dependent and he wanted to "call attention" to himself. At trial, petitioner stated as follows:

> Q   Is there any reason that you did not file
>     your returns, other than your uncertainty
>     about the -- whether your oldest daughter
>     Angie, was  a dependent or not? Is that the
>     only reason?
>
> A   No.  The other reason was to call attention
>     on myself.
>
> Q   You thought that would get you noticed by
>     the IRS?
>
> A   I thought it would lead to answers.

Section 6651(a)(1) provides that if a taxpayer fails to file a tax return on the date prescribed for filing, including any extension of time for filing, an addition to tax in an amount equal to 5 percent of the tax required to be shown on the return will be imposed for each month, or fraction thereof, during which the failure to file

continues, up to a maximum of 25 percent. The addition to tax is mandatory unless a taxpayer's failure to file a tax return is due to reasonable cause and is not due to willful neglect. Sec. 6651(a)(1). See generally Estate of Cavenaugh v. Commissioner, 100 T.C. 407, 426 (1993), affd. in part and revd. in part on other grounds 51 F.3d 597 (5th Cir. 1995). In order to establish reasonable cause, a taxpayer must show that he or she was unable to file a tax return despite the exercise of ordinary business care and prudence. See generally Bassett v. Commissioner, 67 F.3d 29, 31 (2d Cir. 1995), affg. 100 T.C. 650 (1993); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

As mentioned above, petitioner claims that his failure to file each of the subject returns was due to reasonable cause on the grounds that he did not know whether to report his oldest daughter as a dependent and he wanted to "call attention" to himself. Petitioner's testimony hardly shows that he was prevented from filing any of the subject returns despite the exercise of ordinary business care and prudence. To the contrary, petitioner's testimony suggests that he chose not to file his returns in an attempt to "call attention" to himself. Thus, it appears that his failure to file was not the result of the exercise of

ordinary business care and prudence. If petitioner was uncertain about the status of his oldest daughter as a dependent, he could have attached a statement to each return disclosing his uncertainty. We find that petitioner has not established reasonable cause for his failure to file his 1992, 1993, and 1994 income tax returns. Accordingly, we sustain respondent's determination of the addition to tax under section 6651(a)(1).

Respondent determined an addition to tax for failure to pay estimated income tax under section 6654 for 1992, 1993, and 1994. Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual" unless one of the exceptions contained in that section is applicable. See generally <u>Niedringhaus</u> <u>v. Commissioner</u>, 99 T.C. 202, 222 (1992). Petitioner's position amounts to a naked assertion that he is not liable for the addition to tax under section 6654. He has presented no evidence that any of the exceptions set forth therein applies, nor has he presented any other basis to find that respondent's determination is wrong. Accordingly, we sustain respondent's determination and find petitioner liable under section 6654 for his failure to make estimated tax payments for 1992, 1993, and 1994.

To reflect the foregoing,

Decision will be entered

under Rule 155.
