**Robert D. MUELLER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–1189.

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 2002.*

Decided June 27, 2002.

Before BAUER, RIPPLE, MANION, Circuit Judges.

## ORDER

Upon learning that Robert Mueller had underpaid his income taxes for 1996, the IRS issued a deficiency notice that required him to pay the $8,712 due the government. Mr. Mueller petitioned the Tax Court for a redetermination of the unpaid tax, and after a one-day trial the court upheld the calculations in the deficiency notice. Mr. Mueller appeals, and we affirm.

In preparing his tax return for 1996, Mr. Mueller attempted to file jointly with his partner, Mr. Todd Bates. Involved in an intimate relationship with Mr. Bates since 1989, Mr. Mueller believes that he and Mr. Bates should be allowed to file a joint return like married couples. Therefore, on his 1996 tax return Mr. Mueller listed Mr. Bates' information in the blank designated for his spouse's name and social security number but struck the word "Spouse" from the label. He also marked the box that indicated his filing status as "Married filing joint return," although he struck the word "Married" from that label as well. Mr. Mueller completed the rest of the form, listing his income and applying the "married filing jointly" deduction, which was much larger than the standardized deduction for a single person. Both men signed and dated the form, which Mr. Mueller then filed with the IRS.

During his brief trial in the Tax Court, Mr. Mueller testified on his own behalf and tried to persuade the court that homosexuals are being taxed in violation of the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Equal Protection Clause. He argued that because of this inequity the Tax Court should declare the Defense of Marriage Act, Pub L. 104–199, 110 Stat. 2419 (1996), unconstitutional. The court rejected Mr. Mueller's arguments and entered judgment in favor of the IRS.

This is not the first time we have encountered Mr. Mueller and his equal protection arguments. Just last year, Mr. Mueller appealed a similar Tax Court decision pertaining to tax years 1986–1995, and in that appeal he raised an identical challenge to the Defense of Marriage Act. *See Mueller v. Comm'r*, No. 00–3587, 2001 WL 522388 (7th Cir. April 6, 2001) (unpublished order). We rejected his argument because the Defense of Marriage Act was not in effect during the tax years at issue there.

Although Mr. Mueller is correct that the Act was effective during 1996, the tax year at issue in this appeal, the statute had absolutely no bearing on his filing status. The Defense of Marriage Act presumptively denies federal recognition of same-sex marriages should any state choose to recognize such unions. *See* 28 U.S.C. § 1738C. But as the Commissioner argues, Mr. Mueller did not try to have his same-sex relationship recognized as a marriage under Illinois law, and thus the Defense of Marriage Act was not implicated. Instead Mr. Mueller's filing status depended only on whether he was legally married under Illinois law at the close of tax year 1996, *see* 26 U.S.C. § 7703; 26 CFR § 1.7703–1; *see also Estate of Steffke v. Commissioner*, 538 F.2d 730, 733 (7th Cir. 1976), which he admitted he was not. Therefore, the constitutionality of the Defense of Marriage Act is irrelevant.

Furthermore, Mr. Mueller presented no evidence to discredit the Commissioner's calculation of the deficiency, which enjoys a presumption of correctness. *See Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Pittman v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir.1996). We remind Mr. Mueller once again that despite his personal dissatisfaction with the current tax laws, he does not have license to ignore them. We also warn Mr. Mueller that if he continues to file frivolous tax appeals, he faces the possibility of sanctions. *See* Fed. R.App. P. 38; Cir. R. 38; *see also Cohn v. Comm'r*, 101 F.3d 486 (7th Cir.1996) (per curiam).

AFFIRMED.