T.C. Memo. 2006-136

UNITED STATES TAX COURT

JAMES A. SHINAULT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11360-04.                    Filed June 27, 2006.

James A. Shinault, pro se.

J. Craig Young, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  Respondent determined a $9,378 deficiency in
tax, and additions to tax pursuant to sections 6651(a)(1) and
6654(a) of $2,345 and $504.39, respectively, for petitioner's
taxable year 2000.  The issues we must decide are:

1.   Whether petitioner's correct filing status for taxable
year 2000 is that of a married individual filing separately.

2.    Whether petitioner is entitled to additional personal exemptions for taxable year 2000.

3.    Whether petitioner is entitled to the earned income credit for taxable year 2000.

4.    Whether petitioner is entitled to the child tax credit for taxable year 2000.

5.    Whether petitioner is entitled to certain Schedule C business deductions for taxable year 2000.

6.    Whether petitioner's failure to file his 2000 Federal income tax return was due to reasonable cause and not willful neglect.

7.    Whether petitioner is liable for an addition to tax pursuant to section 6654(a) for failure to make estimated tax payments for taxable year 2000.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing the petition in the instant case, petitioner resided in Waterloo, South Carolina.  During taxable year 2000 petitioner was a self-employed motorcycle mechanic and received $36,864 in nonemployee compensation.  Petitioner did not timely file a Form 1040, U.S. Individual Income Tax Return, for taxable year 2000 or pay any tax for that year because, at the

time the return was due, he believed he was not required to file tax returns or pay taxes because money he received for his labor was a nontaxable exchange of equal value.[1]  Petitioner, however, did timely file a tax return for taxable year 2001.  Based on a Form 1099 issued to petitioner by Lauren's Cycle Sales, Inc. for taxable year 2000, respondent determined a $9,378 deficiency in tax and additions to tax pursuant to sections 6651(a)(1) and 6654(a) in the amounts of $2,345[2] and $504.39, respectively, and sent petitioner a notice of deficiency on April 7, 2004.  Respondent computed the deficiency using the tax rates under section 1(c) for an unmarried individual who is not a head of household.  Petitioner timely petitioned this Court contending: "I do not have any tax liability.  I deny the figures and content of the Notice of Deficiency.  I dispute the computations.  In the year in question I had dependents, deductions, credits, business expenses, etc.  Local taxes, interest, dependent son."

---

[1]We note that petitioner has previously appeared before this Court.  In docket No. 19512-03L, a case in which we entered oral findings of fact and opinion pursuant to sec. 7459 and Rule 152, petitioner contended, among other frivolous contentions, that he did not owe taxes for taxable year 1993 because respondent sent the notice of determination to a "straw man" when respondent used all capital letters to spell petitioner's name.  Petitioner subsequently had a change of heart regarding the tax laws and started filing returns, beginning with taxable year 2001.

[2]The addition to tax pursuant to sec. 6651(a)(1) determined in the notice of deficiency was originally, and incorrectly, calculated as $3,704.31.

Shortly before trial, petitioner provided respondent's counsel with a Form 1040, the Form 1099 from Lauren's Cycle Sales, Inc., and a Schedule C, Profit or Loss From Business, on which petitioner claimed $19,525 in expenses.[3] The Form 1040 is dated November 1, 2005, and purports to be a joint return. The Form 1040 bears the signature of a return preparer but is not signed by petitioner or his spouse.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving an error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Commissioner has the burden of production regarding whether it is appropriate to impose penalties, additions to tax, or additional amounts. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause. Higbee v. Commissioner,

---

[3]Petitioner claimed $6,000 for advertising expenses, $7,316 for car and truck expenses, and $6,209 for depreciation and sec. 179 expenses. Line 31 of petitioner's Schedule C reflects a net profit of $17,339 after deducting expenses of $19,525 from petitioner's $36,864 income.

The Form 1040 that petitioner gave to respondent's counsel shortly before trial purports to be a joint Federal income tax return and lists three personal exemptions, one each for petitioner, his spouse, and their son. After claiming several other deductions and credits, petitioner claims that his total tax liability for taxable year 2000 is only $646.

supra at 446-447.  A taxpayer may claim married filing jointly status if he and his spouse are legally eligible to file jointly and in fact do file.  See secs. 1(a), 6013; Columbus v. Commissioner, T.C. Memo. 1998-60, affd. without published opinion 162 F.3d 1172 (10th Cir. 1998).

Respondent contends that petitioner's correct filing status is that of married individual filing a separate return.  See sec. 1(d).  Petitioner testified at trial that he sent a joint Federal tax return for taxable year 2000 to the Internal Revenue Service in Atlanta, Georgia, in November of 2005.  Petitioner, however, failed to produce a signed copy of his return or a certified mail receipt despite testifying that he had both.  Respondent's transcripts of account contained no evidence of any 2000 tax return for petitioner.  Based on the record in the instant case, we conclude that petitioner has failed to prove that his filing status is not married filing separately.

Petitioner bears the burden of showing that he is entitled to claim any additional exemptions.  Rule 142(a); Welch v. Helvering, supra; Columbus v. Commissioner, supra.  A taxpayer filing a separate return may claim an exemption for his spouse "if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer."  Sec. 151(b).  A taxpayer also may claim an additional exemption for each individual who is a

dependent as defined in section 152.  Sec. 151(c).  A dependent generally includes a son or daughter of the taxpayer if:  The taxpayer provided over half of the child's support during the calendar year, and the child is under the age of 19 or is a full time student and under the age of 24.  Secs. 151(a), (c), 152(a).

In the instant case, petitioner's son was 12 years old during taxable year 2000 and lived with petitioner and his spouse for the entire year.  At trial, petitioner testified that his spouse was not employed during taxable year 2000 and further testified that his dependent son has always lived with petitioner and his spouse.  We believe petitioner's testimony that his spouse did not have any income during taxable year 2000[4] and that his minor son was a dependent.  Accordingly, petitioner is entitled to two additional exemptions for his spouse and minor son.

Regarding petitioner's claimed Schedule C business expenses, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to the claimed deductions.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).  The taxpayer must maintain records sufficient to enable the Commissioner to determine the correct tax liability.  Sec.

---

[4]We infer from petitioner's testimony that his spouse is not the dependent of another taxpayer.

6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. The taxpayer also bears the burden of substantiating the amount and purpose of the claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

In the instant case, the only evidence petitioner presented supporting his claimed Schedule C deductions was his own uncorroborated testimony, which was vague and did not elaborate on any of the claimed Schedule C expenses. This Court is not compelled to accept as true uncorroborated evidence of an interested witness even though uncontradicted. Marcella v. Commissioner, 222 F.2d 878, 883 (8th Cir. 1955), affg. in part and vacating in part a Memorandum Opinion of this Court. Accordingly, we hold that petitioner has failed to prove that he is entitled to the claimed Schedule C deductions for taxable year 2002.

Section 32(a)(1) provides that an eligible individual shall be allowed an earned income credit against his income tax. However, in the case of a married individual, section 32(d) provides that section 32 applies only if the individual filed a joint return. As of the date of trial, respondent's transcript of account contained no evidence that petitioner had filed a joint return for taxable year 2000. Accordingly, we hold that

petitioner has not proved that he is entitled to the earned income credit.

Under section 24(a), a taxpayer is entitled to a child tax credit for each qualifying child. A qualifying child is any child of the taxpayer for whom the taxpayer is allowed a deduction under section 151 and who is under the age of 17. Sec. 24(c). We have found that petitioner's son was 12 years old during taxable year 2000 and that petitioner is allowed a deduction under section 151. Accordingly, we hold that petitioner has shown that he is entitled to a child tax credit for his minor son for taxable year 2000.

Section 6651(a)(1) imposes an addition to tax for a failure to file an income tax return. A taxpayer may be relieved of the penalties, however, if he can demonstrate that the failure is due to reasonable cause and not due to willful neglect. Higbee v. Commissioner, supra at 446-447. Willful neglect means intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., states that if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause. Petitioner did not timely file his 2000 tax return because at the time it was due he believed that the amounts paid to him by Lauren's Cycle Sales, Inc. were a nontaxable exchange of equal

value for his labor.  Misguided interpretations of the Constitution or other typical tax protester arguments are not reasonable cause.  See Yoder v. Commissioner, T.C. Memo. 1990-116.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for taxable year 2000.

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax.  Section 6654 applies where prepayments of tax, either through withholdings or by making estimated quarterly payments, do not equal the percentage of total liability required under the statute, unless one of the several statutory exceptions applies.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  The taxpayer bears the burden of showing he qualifies for an exception.  Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).  We find that petitioner does not qualify for any such exception.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6654 for taxable year 2000.

To reflect the foregoing,

Decision will be entered

under Rule 155.