T.C. Memo. 2009-166

UNITED STATES TAX COURT

CHARLES MERRILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CHARLES E. MERRILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 22608-07, 3058-08.    Filed July 13, 2009.

Charles E. Merrill, pro se.

<u>Kathleen A. Tagni</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  These cases are before the Court on
respondent's motions for partial summary judgment under Rule
121.[1]  Respondent determined an $807,330 deficiency in

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

petitioner's Federal income tax for 2004 and a $28,974 deficiency for 2005.  Respondent also determined additions to tax for failure to file a timely return under section 6651(a)(1), failure to pay tax timely under section 6651(a)(2), and failure to pay estimated tax under section 6654(a) for 2004 and 2005 (the years at issue).  Petitioner concedes all respondent's determinations in the deficiency notices except the correct filing status of petitioner.  We must decide whether petitioner, who was unmarried but in a committed relationship with another man during the years at issue, is entitled to married filing joint status.  We hold that he is not.  Accordingly, we shall grant respondent's motions for partial summary judgment and, because petitioner has conceded all other issues, we shall enter decisions for respondent.

## Background

The facts we recite are undisputed facts included in the stipulation of facts and accompanying exhibits and matters admitted in the pleadings or motions or presented in the parties' oral arguments.

Petitioner is a well-known gay rights activist and artist and a millionaire.  He is the cousin of the founder of Merrill Lynch and was married, for 23 years, to the late Evangeline Johnson Merrill, an heiress to the Johnson & Johnson Company.  Petitioner began a relationship with Kevin Boyle shortly after petitioner's wife passed away.  He and Mr. Boyle have been together for more than 18 years.  Petitioner and Mr. Boyle lived in North Carolina during the years at issue.  They participated

in a commitment ceremony in 2004, but North Carolina did not recognize same-sex marriages. Petitioner and Mr. Boyle were legally married in 2008 after moving to California.

Petitioner failed to file a tax return for either of the years at issue. Respondent contacted petitioner about filing income tax returns. Petitioner responded with a letter stating that he was not evading taxes, but refused to pay taxes as an act of civil disobedience advocating same-sex marriage equality. Respondent prepared substitutes for returns for the years at issue and issued deficiency notices to petitioner. In the substitutes for returns, respondent determined petitioner's filing status to be single.

Petitioner resided in North Carolina when he filed the first petition regarding his return for 2004, and he resided in California when he filed the second petition regarding his return for 2005. In both petitions, petitioner argued that he must be accorded married filing joint status, rather than single status, because of his long-term domestic partnership with Mr. Boyle.

Respondent filed motions for partial summary judgment on whether petitioner is entitled to married filing joint status for the years at issue. Respondent argues that petitioner is not entitled to this status because he was not married in the years at issue and he did not file a joint return for those years. We agree and discuss each of respondent's arguments in turn.

## Discussion

We must decide whether petitioner is entitled to married filing joint status for the years at issue. Petitioner was not married during the years at issue. He was not married under the laws of the State of his domicile, North Carolina, nor in any other State. Moreover, petitioner did not file a return for the years at issue and, therefore, is not entitled to married filing joint status.

We turn now to married filing joint status. Every married individual (as defined in section 7703) who makes a single return jointly with his spouse under section 6013 is subject to married filing joint return status. Sec. 1(a)(1). The determination of whether an individual is married shall be made as of the close of the taxable year. Sec. 7703(a)(1). Whether a taxpayer is married for Federal income tax purposes is determined by reference to the laws of the State of the taxpayer's marital domicile. See Sullivan v. Commissioner, 256 F.2d 664 (4th Cir. 1958), affg. 29 T.C. 71 (1957); Dunn v. Commissioner, 70 T.C. 361, 366 (1978), affd. without published opinion 601 F.2d 599 (3d Cir. 1979); Lee v. Commissioner, 64 T.C. 552, 556-559 (1975), affd. 550 F.2d 1201 (9th Cir. 1977). Petitioner admits he was not legally married for either of the years at issue but argues, nonetheless, that he should be allowed to file joint returns because he was in a long-term committed relationship with his gay partner and North Carolina did not recognize same-sex marriage.

Despite petitioner's argument, a taxpayer must file a joint return with his or her spouse and it must be signed by both spouses to claim the married filing joint status. See secs. 1(a)(1), 6013(a); sec. 1.6013-1(a)(2), Income Tax Regs. This is true even in the case of a delinquent return. See Columbus v. Commissioner, T.C. Memo. 1998-60, affd. without published opinion 162 F.3d 1172 (10th Cir. 1998). We have held that where a taxpayer did not file a return and a substitute for return was prepared using single filing status, the taxpayer may claim married filing joint status only by subsequently filing a return. See Millsap v. Commissioner, 91 T.C. 926, 937 (1988). Here, petitioner never filed a return for the years at issue. Accordingly, he is not eligible for married filing joint status with respect to these years.

Petitioner further argues that the Internal Revenue Code discriminates against same-sex couples in a manner that violates their constitutional rights by not allowing them to file joint tax returns.[2] We need not address his constitutional claims.[3]

---

[2]Petitioner also challenges the constitutionality of the Defense of Marriage Act (DOMA), Pub. L. 104-199, 110 Stat. 2419. DOMA has no bearing on petitioner's filing status, and its constitutionality is irrelevant to our holding. See Mueller v. Commissioner, 39 Fed. Appx. 437 (7th Cir. 2002), affg. T.C. Memo. 2001-274.

[3]Similar constitutional challenges brought by same-sex couples, married persons, and single persons have been consistently denied. See Mueller v. Commissioner, 39 Fed. Appx. 437 (7th Cir. 2002) (same-sex couple), affg. T.C. Memo. 2001-274; Druker v. Commissioner, 697 F.2d 46 (2d Cir. 1982) (married persons), affg. in part and revg. in part 77 T.C. 867 (1981); Demars v. Commissioner, 79 T.C. 247 (1982) (married persons);

(continued...)

We conclude that respondent properly determined single filing status for petitioner.  Accordingly, we hold that petitioner is not entitled to married filing joint status for the years at issue.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.

---

[3](...continued)
<u>Kellems v. Commissioner</u>, 58 T.C. 556 (1972) (single person), affd. 474 F.2d 1399 (2d Cir. 1973); <u>Mueller v. Commissioner</u>, T.C. Memo. 2000-132 (same-sex couple), affd. without published opinion 87 AFTR 2d 2001-2052, 2001-1 USTC par. 50,391 (7th Cir. 2001); <u>Brady v. Commissioner</u>, T.C. Memo. 1983-163 (single person), affd. without published opinion 729 F.2d 1445 (3d Cir. 1984); see also <u>Mapes v. United States</u>, 217 Ct. Cl. 115 (1978); <u>Jansen v. United States</u>, 567 F.2d 828 (8th Cir. 1977); <u>Barter v. United States</u>, 550 F.2d 1239 (7th Cir. 1977); <u>Johnson v. United States</u>, 422 F. Supp. 958, 967 (N.D. Ind. 1976), affd. sub nom. <u>Barter v. United States</u>, 550 F.2d 1239 (7th Cir. 1977).